EDWARD STAMM, Respondent, *v.* GEORGE H. BOSTWICK, Appellant.

One who has taken lands by devise, holds the same as purchaser within the meaning of the provision of the act "to enable resident aliens to hold and convey real estate" (§ 4, chap. 115, Laws of 1845, as amended by chap. 261, Laws of 1874, and chap. 38, Laws of 1875), which provides that if any alien, resident or citizen, who has purchased and taken a conveyance of real estate within this state shall die · "leaving persons who, according to the statutes of this state, would answer the description of heirs," such persons, whether aliens or citizens, may take and hold as heirs the real estate owned and held by the decedent at the time of his death.

Real estate, therefore, taken and held by the decedent as devisee, passes to his heirs, alien or resident, under said provision.

As against every claimant, except the state, the title of an alien heir is good, and he may hold the real estate without making the deposition required by said act.

Reported below, 40 Hun, 35.

(Argued June 3, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 26, 1886, which affirmed a judgment in favor of plaintiff entered upon the decision of the court at Circuit without a jury.

This action was brought under section 1663 of the Code of Civil Procedure, to determine the title to real estate in the city of New York.

Eliza Anderson, a native born citizen of the United States, died in the year 1867 seized and possessed of the property in question, leaving a last will and testament, by which she devised the said premises to her niece Eliza Anderson for the term of her natural life, remainder in fee to her lawful issue. Eliza Anderson, the niece, was a native citizen, and at the time of her aunt's death was the wife of the plaintiff. The only issue of the niece was Elizabeth Stamm, who survived her mother. Upon the death of her mother Elizabeth entered into possession of the premises, and continued in the actual possession thereof until her death in September, 1881. She was a native citizen of the United States, and died intestate, unmarried and without issue, leaving her father, the plaintiff, surviving her. Upon her death the plaintiff took possession of the premises and occupied them until the commencement of this action. The plaintiff was born in the Electorate of Hesse in 1846. He came to the United States in 1860, and has since resided here. He filed his declaration to become a citizen in October, 1881, and was naturalized in 1884. The defendant is a brother of the plaintiff's wife, a native citizen and of full age, and was entitled to said premises as heir at law of said Elizabeth Stamm unless the plaintiff has the capacity to inherit and hold real estate within the state.

*Lewis Johnston* for appellant. The plaintiff has no right or title in or to the lands in question under the act of 1845, as amended by Laws of 1875, chapter 38, because Elizabeth Stamm, his daughter, did not "purchase and take a conveyance" thereof within the meaning of that act. (*Smith* v. *Mayor, etc.,* 47 How. Pr. 280 ; *Newell* v. *People,* 3 Seld. 97; *Goodrich* v. *Russell,* 42 N. Y. 182; 2 R. S. chap. 1, tit. 1, art. 2, § 17 ; *Luhrs* v. *Eimer,* 15 Hun, 399 ; *People* v. *Conklin,* 2 Hill, 67 ; Laws of 1825, chap. 427 ; Laws of 1834, chap. 272 ; Laws of 1826, chap. 348 ; Laws of 1830, chap. 171 ; Laws of 1843, chap. 87 ; Laws of 1857, chap. 576 ; Laws of 1868, chap. 513 ; Laws of 1872, chaps. 120, 141, 358 ; Laws of 1874, chap. 261 ; Laws of 1875, chaps. 38, 396 ; Laws of 1877, chap. 111 ; *Durando* v. *Durando,* 23 N. Y. 331; *McCartee* v. *O. A. Society,* 9 Cow. 437, 507.)

*Paul Fuller* and *Coudert Brothers* for respondent. Under the statute of 1845, as amended by chapter 38, Laws of 1875, Edward Stamm was rendered capable of inheriting the premises in question. (3 R. S. [7th ed.] 2170, § 4.) Elizabeth Stamm took this property by the devise under the will of her great aunt, Eliza Anderson. All the authorities are agreed that this is an acquisition by purchase which included every acquisition by any other method than descent or inheritance. See title "Purchase" in Bouvier's, Burrill's, Abbott's, Rapelje & Lawrence's, and Anderson's Law Dictionaries. (*Hall* v. *Hall,* 81 N. Y. 134.)

BROWN, J. The single question involved in this appeal is whether a resident alien who, according to the statutes of this state, would answer the description of heir of a deceased citizen can inherit and hold real estate owned and held by such deceased citizen at the time of his death.

By chapter 38, Laws of 1875, it is provided as follows : "If any alien resident of this state, or any naturalized or native citizen of the United States, who has purchased and taken, or who hereafter shall purchase and take a conveyance of real estate within this state has died, or shall hereafter die, leaving

persons who, according to the statutes of this state, would answer the description of heirs of such deceased person ✱ ✱ ✱ such persons so answering the description of heirs ✱ ✱ ✱ of such deceased person, whether they are citizens or aliens, are hereby declared and made capable of taking and holding and may take and hold as heirs ✱ ✱ ✱ of such deceased person as if they were citizens of the United States, the land and real estate owned and held by such deceased alien or citizen at the time of his death."

The appellant contends that this statute has no application, inasmuch as Elizabeth Stamm, the decedent, had not purchased and taken a deed of the lands in question, but acquired them as devisee under her mother's will.

The popular and commercial meaning of the word " to purchase " is doubtless " to buy," but generally in law the word has a more extended meaning and includes every mode of acquiring land except by descent.

" There are two modes only, regarded as classes, of acquiring a title to land, namely, descent and purchase; purchase including every mode of acquisition known to the law, except that by which an heir, on the death of an ancestor, becomes substituted in his place as owner by the act of the law." (3 Washb. on Real Prop. 290; *James* v. *Morey*, 2 Cow. 246; *McCartee* v. *Orphan Asylum Society*, 9 Cow. 437–507; *Hoyt* v. *Van Alstyne*, 15 Barb. 568–572.)

Many cases could be cited where courts have given the restricted meaning to the word in the construction of statutes and to carry out the intent of the legislature, but we are of the opinion that in this case the intention of the legislature is best effectuated by giving to the word its most extensive signification.

The act of 1875 was an amendment of chapter 261, Laws of 1874, which amended section 4, chapter 115, Laws of 1845.

In the principal act the legislature dealt with the acquisition and disposition of real property by resident aliens.

The act is entitled " An act to enable resident aliens to hold and convey real estate, and for other purposes."　Section one

empowered resident aliens to hold real estate acquired by grant or devise.

Section two gave dower to wives of such aliens.

Section three gave dower to alien wives of citizens.

Section five confirmed grants and devises made by resident aliens, and

Section six empowered such aliens who had acquired, or who should thereafter acquire, real estate by grant or devise to grant and devise the same to any citizen or resident alien.

These and the other sections of the act indicate clearly the scheme of the legislature.

Resident aliens who made and filed the deposition required by the first section of the act were made capable of taking and holding real estate and disposing of it in the manner stated, the same as if they were citizens.

Every mode of acquisition and disposition of land of resident aliens was provided for except that by descent.

We find that covered by the fourth section of the act.

If, however, the appellant's construction of that section is to prevail, alien heirs would not inherit unless the intestate had acquired some or all of his property by deed. If the intestate's land had come to him by devise, the fourth section of the statute would be inoperative. On the other hand, if he had at some time during his life acquired some land by deed, then all the land owned at the time of his death, that which he held by devise, as well as that held by deed, would pass under section four, and it would be no bar to the operation of the statute that the land acquired by deed was not owned at the time of his death. A purchase by deed of some land, no matter how insignificant the quantity or how remote from the time of the ancestor's decease, would be in the nature of a condition precedent to inheritance by alien heirs.

There is certainly no public policy which dictates such a reading of the statute, and no reason is apparent why the legislature, intending as it did that aliens should inherit and hold real estate within the state, should have made the inheritance depend upon a purchase by deed by the ancestor, a fact which,

in the general operation of the statute, would be of no importance.

The intention of the legislature is clearly expressed that resident aliens may grant and devise all land, that they are made capable of holding by the act in question, and I think it was equally the intention that if they failed to dispose of it by deed or will it should by section four pass to those there made capable of taking and holding it. There is no particular signification in the expression "take a conveyance," as the term conveyance is as applicable to the will in the case of a devise as it is to a deed in a case of a grant.

These views require that the word "purchase" should be given its broadest meaning, which would include all land acquired by devise.

The act of 1874 added naturalized and native citizens to the class of persons from whom aliens might inherit, and the act of 1875 permits aliens to take as devisees as well as heirs.

Our conclusion is that Elizabeth Stamm held the land in question as purchaser, and the plaintiff had the capacity to inherit as her heir.

As against every person except the state, he could hold the land without making the deposition required by the first section of the act, and whether or not his title was good against the state, is a question with which the defendant has no concern.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.