## BRANAGH *v.* SMITH.

*(Circuit Court, S. D. New York.* May 15, 1891.)

ALIENS—RIGHT TO TAKE BY DESCENT.
  Laws N. Y. 1845, c. 115, as amended by Laws 1874, c. 261, provides that those aliens who, according to the statutes of New York, would answer to the description of heirs may take by descent from any alien resident, or any naturalized or native citizen of the United States, who has "purchased" and taken, or shall hereafter "purchase" and take, a conveyance of real estate. *Held,* that the statute gives the right of transmission by descent only to resident aliens and naturalized or native citizens, that it attaches only to land acquired by purchase, and that it contemplates only one step of transmission to alien heirs.

At Law.
*Benj. F. Butler* and *W. H. Secor,* for plaintiff.
*Joseph H. Choate, Elihu Root,* and *Horace Russell,* for defendant.

WALLACE, J. The plaintiff is an alien, residing in Ireland, and has brought this action of ejectment to recover lands of which Alexander T. Stewart died seised in the year 1876. She claims title through her mother, Mary Branagh, who, it is conceded for the purposes of the present decision, was a first cousin of Mr. Stewart, and was an alien residing in Ireland at the time of his death. It is a familiar rule of the common law that an alien has no inheritable blood, and can neither acquire land by descent, nor transmit it by descent to another. At the death of the alien the land which he may have acquired by purchase instantly escheats, and, without any inquest of office, vests in the government or state. Consequently, at common law the plaintiff would not have any title to the land in controversy, both because her mother as an alien would be incapable of acquiring title by descent, or of transmitting it, and she herself, as an alien, would be incapable of acquiring it by descent from her mother. It follows that, unless the statutory law of this state has modified these rules of real property, the plaintiff cannot recover, because in ejectment a plaintiff without title cannot succeed; any infirmity in the title of the defendant notwithstanding.

The question, then, is whether a case like that of the present, in which the plaintiff, a non-resident alien, claims a title by descent which had previously vested by descent in a non-resident alien ancestor, is embraced in any of the enabling provisions of the statutes of this state. In 1845 (chapter 115, Laws 1845) the legislature enacted the law entitled "An act to enable resident aliens to hold and convey real estate, and for other purposes." This act was amended by chapter 261 of the Laws of 1874, and again by chapter 38 of the laws of 1875. These are the statutes which were in force at the time of Mr. Stewart's death, and therefore control the decision of the present question. I have not been referred to any other act which is germane. The act of 1845 provides as follows:

"If any alien resident of this state, who has purchased and taken, or hereafter shall purchase and take, a conveyance of real estate within this state, has died, or shall hereafter die, leaving persons who, according to the statutes

of this state, would answer the description of heirs of such deceased alien, such persons, so answering the description of heirs to such deceased alien, whether they are citizens or aliens, are hereby declared and made capable of taking and holding, and may take and hold, as heirs of such deceased aliens, as if they were citizens of the United States, the lands and real estate owned and held by such aliens at his death, in like manner and with the effect as if such alien at his death were a citizen of the United States."

This act, while it removed the incapacity of aliens to inherit as heirs of resident aliens, did not remove their incapacity to inherit as heirs of naturalized or native citizens, and in this respect discriminated unreasonably against native and naturalized citizens who might have alien kindred; and, apparently to obviate this defect, it was amended by the act of 1874, which introduced after the words "alien resident" the words "or any naturalized or native citizen of the United States." The act of 1875 extended the enabling provision of the former acts to alien devisees, placing them in the same category with alien heirs, and has no bearing upon the present question. Succinctly stated, the act of 1845, as amended in 1874, enables those aliens, "who, according to the statutes of this state, would answer to the description of heirs," to take by descent from any alien resident, or any naturalized or native citizen of the United States, who has purchased and taken, or shall hereafter purchase and take, a conveyance of real estate within this state. The act of 1875 permits aliens to take as devisees. This legislation does not, in terms, enlarge the capacity of aliens to take by descent from non-resident aliens, or to take by descent from resident aliens or naturalized or native citizens who have not acquired lands by purchase. It is expressed in unequivocal language, and must be taken to mean what its language implies. There is a clear distinction, which has always been recognized in the law of real property, between titles acquired by purchase and titles acquired by descent. The latter vest by operation of law. It cannot be supposed that the legislature were unaware of this distinction, or that they employed the language of the statute unadvisedly. The meaning of these statutes has been considered in two adjudicated cases by the highest court of the state, but in neither of these cases was the precise question which is now presented under consideration. Speaking of the act of 1845, the court of appeals have said, in *Goodrich* v. *Russell*, 42 N. Y. 177, that it gives to a resident alien who takes title by grant of real estate the same power of transmitting such title by descent as a citizen, and to this extent gives an inheritable quality to the blood of aliens. And in *Stamm* v. *Bostwick*, 122 N. Y. 48, 25 N. E. Rep. 233, the court of appeals, referring to the effect of the original and amendatory statutes, declare that the word "purchase," as used therein, should be given its broadest meaning, and includes all land acquired by devise. These adjudications are authority inferentially for the proposition that the legislation does not affect titles which have not been acquired by resident aliens, or native or naturalized citizens, nor titles which have been acquired by any person of these classes otherwise than by purchase; that is, by grant or devise. The only case in the courts of this state which

directly adjudicates the present question, which has been called to my attention, is one decided by the supreme court in June, 1881, the case of *Harrison* v. *Harrison*, 3 N. Y. Law Bul. 65, decided by BARTLETT, J. In that case the court says:

"The non-resident aliens took under the act of 1845. They so took as if they were citizens: consequently, with full power of disposition and transmission. Dying intestate, the estate passed to their heirs at law, capable of taking by descent or devise; that is, to such of their heirs as were citizens, but not to such as were non-resident aliens."

The act makes no provision for the latter, nor indeed specially for the former; they taking as an incident to the power of disposition and transmission conferred upon the original non-residents. I conclude, therefore, *first*, that the statutory law of this state gives the right of transmission by descent only to resident aliens and naturalized or native citizens. Mary Branagh, the mother of the plaintiff, was not one of these. *Secondly.* The right attaches only to land acquired by purchase,—that is, by grant or devise; and Mary Branagh, the mother of the plaintiff, acquired this land by descent. If Mr. Stewart died intestate, it being conceded that he was a naturalized citizen, Mary Branagh acquired title as one of his collateral kindred. *Thirdly.* These statutes, in my judgment, contemplate only one step of transmission to alien heirs, and, when that step was taken by transmission from Mr. Stewart to the mother of the plaintiff, the operation of the statute ceased.

For these reasons, I must hold that any title to the real estate in controversy which may have been acquired by Mary Branagh has not been transmitted upon her death to the plaintiff by descent. A verdict must consequently be directed for the defendant.