(31 Misc. Rep. 701.)

SMITH v. REILLY et al.

(Supreme Court, Special Term, St. Lawrence County. June, 1900.)

ALIENS—DEVISE—DESCENT—TITLE.

> Laws 1845, c. 115, § 4, as amended by Laws 1875, c. 38, provides that an alien may take by devise, but that, if a male of full age, he may not hold as against the state, unless he file a declaration of intention to become a citizen. A testator, dying in 1892, devised land to a nonresident alien. The devisee died within three months of testator, and before the probate of his will, leaving a daughter, his only heir, also a nonresident alien. *Held*, that the daughter's title was good, since her father had a reasonable time in which to make his declaration, and, having died before doing so, the title passed to her, and, as a female, she was not subject to any condition looking towards naturalization.

Action by Henry J. Smith against Mary R. Reilly and others to construe a will. Complaint dismissed.

J. F. Brown, for plaintiff.

L. P. Hale, for defendant Reilly.

RUSSELL, J. Owen Smith, a citizen of this state, died July 29, 1892, devising his real property in third parts to Henry Brogan, Patrick Brogan, and Thomas Smith, after the life estate of the widow. The plaintiff is the only son of testator, and was excluded from any part of the estate. Thomas Smith died October, 1892, a resident of Ireland and an alien. The defendant, Mary R. Reilly, is the only child of Thomas Smith, and is also an alien resident of Ireland. The plaintiff seeks a construction of the will declaring him the owner of the Smith third, on the ground that the devise is void, as being made to an alien, and that this third fell into intestacy. It seems anomalous to construe a will at the request of an heir claiming in hostility to it (Chipman v. Montgomery, 63 N. Y. 221); but no plea is urged in this behalf by the defense, and Mary R. Reilly claims an adjudication that this third belongs to her by the devise, and her succession to her father, Thomas Smith. The provision of the Revised Statutes (2 Rev. St. p. 57, § 4) declaring a devise to an alien void, and casting descent upon the heir, has been greatly changed by Laws 1845, c. 115, § 4, and Laws 1875, c. 38 (3 Rev. St. [9th Ed.] pp. 2073, 2074). Aliens are declared capable of taking as devisees, but, if males and of full age, shall not hold, as against the state, unless they file the declaration of intention to become citizens. No distinction is made by the latter statute between resident and nonresident aliens. Each may become children of the soil, as well as by adoption, and there is no reason to favor the resident who is indifferent to the blessings of American citizenship till spurred by pecuniary interest. The devisee, therefore, took title as against all but the state, and even against it when he filed his declaration. No person can question his right. Maynard v. Maynard, 36 Hun, 227; People v. Conklin, 2 Hill, 67, 71, 74; Stamm v. Bostwick, 40 Hun, 35; Id., 122 N. Y. 48, 25 N. E. 233, 9 L. R. A. 597; Wainwright v. Low, 132 N. Y. 313, 317, 321, 30 N. E. 747. But here the state, even, cannot assert title. The devisee, Thomas Smith, died in three months from the death of the testator, and before the will was probated. He had certainly a reasonable time to become a resident and file his declaration. The rigor of a stern logical rule may not be applied to this death, to determine the title lost forever, and, as an event occurred which made it impossible for Thomas Smith to enjoy the benefits of citizenship, the law will not add to the disaster of death the punishment of forfeiture, in order to grasp from the innocent survivor her little patrimony. The daughter took from the deceased father the title he had, subject to the performance of any condition imposed. As a female, she is not required to perform any condition subsequent looking to naturalization. Her title is now fixed and perfect. The complaint must be dismissed, with costs to defendant Reilly against plaintiff.

Complaint dismissed, with costs to defendant Reilly.