## SMITH v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

WILLS—ALIEN—DEVISE—CAPACITY TO TAKE.

Under Laws 1875, c. 38, providing that a nonresident alien of the blood of a resident alien or citizen who owns real estate may take such real estate as devisee of the latter, and requiring such alien devisee to declare his intention to become a citizen in order to hold the property, a nonresident alien who is a brother of a citizen may acquire and hold the real estate of the latter by devise as against the heirs of the testator,

notwithstanding the latter clause of the statute, as the condition of holding the land is between the state and the devisee, and cannot be raised by testator's heirs.

Appeal from special term.

Action by Henry J. Smith against Louise Smith and others. From a judgment in favor of the defendants, the plaintiff appeals. Affirmed.

The plaintiff is a son of Owen Smith, who died July 27, 1892. At the time of his death Owen Smith was a resident naturalized citizen of this state, and the owner of some real estate in St. Lawrence county. His son, the plaintiff here, was also a resident citizen. The deceased at the time of his death had a brother, Thomas Smith, in Ireland. He was a nonresident alien. Thomas Smith died intestate October 7, 1892, 2 months and 10 days after the death of Owen, and before he had any knowledge of the provisions of Owen Smith's will. The last will of Owen Smith gave to Thomas Smith, his alien brother in Ireland, a third of his real estate, or the proceeds thereof, in case the executors should sell the real estate, which under the will they had power to do. The plaintiff contends that under the statute of wills the devise to Thomas Smith was void, and that the third interest so devised immediately upon the death of Owen descended to him as sole heir at law, and this action is brought to establish this contention.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Joseph F. Brown, for appellant.
Ledyard P. Hale, for respondents.

KELLOGG, J. The question presented by this record is: Could a nonresident alien, in July, 1892, take an interest in lands situated in this state through a devise by a citizen? The answer to the question depends upon the proper construction to be given to the law of 1875 (chapter 38). For political reasons the common law created a barrier against the ownership by aliens of lands situated here. Aliens, resident or nonresident, could not take by inheritance, but they could take by purchase or devise, and hold the fee until "office found" or the state asserted its rights to ownership by escheat. As against all others, the title by grant or devise was good. The history of the various statutory enactments, by which the common law was modified and materially changed in this state, shows a continuous progression along the line of removal of the disabilities attached to alienage, until the act of 1893 (chapter 207) practically placed aliens and citizens upon the same footing. The act of 1845 (chapter 115) was a partial relief to resident aliens, enabling them to take and hold lands by purchase (which the courts have interpreted to mean by devise also), and by section 4 of that act the alien heirs of such resident aliens, whether such alien heirs were resident or nonresident, may take by inheritance. At the time of the passage of the act of 1845 there existed what is known as the statute of wills, which provided:

"Every devise of an interest in real property to a person who, at the time of the death of the testator, shall be an alien not authorized by statute to hold real estate, shall be void. The interest so devised shall descend to the heirs of the testator."

Such is the statutory law at the present time, but it will be observed that it runs only against "an alien not authorized by statute to hold real estate." So fast as the various statutes enabled any class of aliens to take and hold real estate, that class was removed from the operation of this provision of the statute of wills. This statute of wills, however, from its passage, changed the rule of the common law, which was that an alien could not take by inheritance, but might take by devise or grant until "office found." The statute of 1845 removed a class of aliens from the effect of this statute of wills, and that class were all "resident aliens" as to property acquired by purchase (including property acquired by devise). As to property of resident aliens acquired by descent, this statute of 1845 gave no relief. Callahan v. O'Brien, 72 Hun, 216, 25 N. Y. Supp. 410. One relief given by this statute was the right to inherit, which the common law denied to aliens. The statute of 1874 (chapter 261) further enlarged this class, but did not give to any alien the right to take by devise, which the common law did give, and which the statute of wills cut off. The statute of 1875 (chapter 38) seems to have been passed expressly to give the same right to alien devisees of the same blood as alien heirs enjoyed under the previous statutes. In effect, no other change was made. It does not seem to admit of any doubt but under this law of 1875 aliens may take by devise. The statute reads as follows:

"If any alien resident of this state, or any naturalized or native citizen of the United States, who has purchased and taken or hereafter shall purchase and take a conveyance of real estate within this state, has died, or shall hereafter die, leaving persons who according to the statutes of this state would answer the description of heirs of such deceased person, or of devisees under his last will, and being of his blood, such persons so answering the description of heirs or of devisees of such deceased person, whether they are citizens or aliens, are hereby declared and made capable of taking and holding, and may take and hold, as heirs, or such devisees of such deceased person, as if they were citizens of the United States, the lands and real estate owned and held by such deceased alien or citizen at the time of his decease."

Then follows a provision that in order to "hold" as against the state the alien must declare his intention to become a citizen. We find here no impediment to the immediate transmission of the title to realty to the heir in case of intestacy, or to the devisee of the same blood in case there is a will. The condition of holding as against the state is a question solely between the state and the heir or devisee. As against all the world other than the state, the title vests without precedent or subsequent condition; and as to the state the heir or devisee may hold, as the courts have decided in analogous cases, until "office found" and escheat is declared.

In this case the important feature of the statute of 1875 (chapter 38) is the clear intention of the legislature to place the alien heir and the alien devisee upon the same footing as to the right to take and hold realty in this state. This is a clear modification of the statute of wills, or, rather, it takes the alien devisee of the blood of the testator out of the class referred to in the statute of wills,—"an alien not authorized by statute to hold real estate."

So far as I have been able to discover, no court in this state has

held that under the statute of 1845, and the amendments of 1874 and 1875, a nonresident alien could not take and hold lands in this state by descent from resident aliens or resident citizens. The decisions seem to be all to the contrary. And if a nonresident alien may take as heir it would seem to be incontestable that devisees of the same blood of testator, dying after the passage of the law of 1875, can take, whether resident or nonresident.

The case of Marx v. McGlynn, 88 N. Y. 375, 376, cited by the learned counsel for appellant, is not an authority against this proposition. In that case the devisee was not of the blood of the testatrix, and for that reason alone his disability to take is not removed by the act of 1875. The court's language at the pages cited in its opinion: "In the first place, the clause of the devise of the house to Bradley, who is shown to be an alien, is void, as an alien cannot take real estate by devise,"—is not to be questioned as the law, so far as Bradley or that case is concerned. But the broad statement that "an alien cannot take real estate by devise" nullifies the provisions of the statute of 1875, as we have seen. It is quite likely that this statute was not presented to the court's attention; for by it Bradley, being not of the blood of the testatrix, could obtain no relief under it.

The case of Parker v. Linden, 113 N. Y. 28, 20 N. E. 858, 861, shows a will of real estate in New York to certain relatives of the half blood, nonresident aliens, and the decease of the testator after the passage of the act of 1875. In the general term Van Brunt, P. J., writing in this case, said: "But it is to be remembered that the testator knew that these halfbrothers and halfsister, being aliens, British subjects, could not take real estate by devise;" and, to save the testator's intention, the court construed the will by reason of the power of conversion contained in it as a will of personalty. When this case was considered in the court of appeals, Danforth, J., writing for the court, said as to this forced construction to save the interest of the half brothers and sister: "It was in fact unnecessary to accomplish that object; as to all others, except the sister, they could take and hold as heirs or devisees (chapter 38, Laws 1875)." Whether the general term or the court of appeals regarded a halfbrother or halfsister as coming within the requirement of the act, "and being of the blood," is not disclosed. The court of appeals, by reference to the law of 1875, declares that, being nonresident aliens, these halfbrothers and halfsister could take either as heirs or devisees. If they could take only as heirs, as plaintiff contends, the statement that they could take as devisees is erroneous.

It is unnecessary to consider the question as to whether the testator made by his will a conversion so that the provisions of the will might be effectuated, treating it as wholly personal.

It is also unnecessary to consider what may be the exact nature of the title or interest of defendant Mary Rose Reilly in the estate of her father, Thomas Smith. It is enough for all the purposes of this action to determine, as we do, that Thomas Smith took, as devisee, a title to the realty defeasible only by the state, and that plaintiff, as heir at law of Owen Smith, acquired no title.

The judgment should be affirmed, with costs. All concur.