(91 App. Div. 310.)

### STEWART v. RUSSELL et al.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. DESCENT—ALIENS—STATUTES—APPLICATION.

An alién's right to take real estate at New York by descent is governed by the statutes of the state in force at the time of the death of the owner thereof through whom such alien claimed title.

2. SAME—CONSTRUCTION.

Laws 1845, p. 95, c. 115, § 4, as amended by Laws 1875, p. 32, c. 38, providing that, on the death of any citizen who has purchased and taken a conveyance of land, persons who, under the laws of the state, would be heirs, whether citizens or aliens, are capable of taking and holding lands owned and held by such citizens at the time of his decease, has no application to lands acquired by descent.

3. SAME.

Where at the time of the death of S., who owned certain real estate located in New York, plaintiff's alien grandfather was living and would have inherited from the owner of such real estate had he died intestate and was possessed of the right to inherit, plaintiff, after the death of his grandfather, was not entitled to recover any part of such real estate as heir of S.

Appeal from Trial Term, New York County.

Action by John Stewart against Horace Russell and another as executors, etc., of the estate of A. T. Stewart, deceased. From a judgment dismissing the complaint at the close of plaintiff's case, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Ira Leo Bamberger, for appellants.

David McClure, for respondent.

HATCH, J. The action is in ejectment, and the plaintiff seeks to recover a sixtieth interest in premises known as 726, 728, 730 Broadway, in the borough of Manhattan, city of New York. The premises in question were formerly owned by Alexander T. Stewart, who died seised thereof on the 10th day of April, 1876. This action was begun July 29, 1901, more than 25 years after the death of Alexander T. Stewart, and proceeds upon the theory that he died intestate. The complaint avers that documents purporting to be the last will and

¶ 1. See Aliens, vol. 2, Cent. Dig. § 28.

testament, with codicils attached thereto, of Alexander T. Stewart, were admitted to probate by the Surrogate's Court of New York county on April 13, 1876; but that said documents and codicils, so admitted to probate, were not the last will and testament of Alexander T. Stewart, and it is averred that he died intestate. It was claimed upon the trial, and is insisted upon on this appeal, that the evidence of relationship of the plaintiff to Alexander T. Stewart was too vague and shadowy to authorize the submission of such question to the jury, or to support a verdict based thereon. We are not able to sustain this contention. On the contrary, we think that such relationship was shown with sufficient clearness to have authorized the submission of such question to the jury. The evidence fairly established that Alexander T. Stewart was the son of Alexander Stewart, who was a son of Thomas Stewart, of Stoneyfort, Ireland; that the said Thomas Stewart, grandfather of Alexander T. Stewart, had nine children, one of whom was William Stewart, who was the father of William Stewart, 2d, and who in turn was the father of William Stewart, 3d, and that William Stewart, 3d, was the father of John Stewart, this plaintiff. It was also fairly established that William Stewart, 3d, predeceased William Stewart, 2d, and that the latter was living at the time of the death of Alexander T. Stewart; that William Stewart, 2d, died prior to the commencement of this action, and whatever title, if any, to these premises plaintiff inherited, he has taken as an heir at law and next of kin of William Stewart, 2d, his grandfather. It was admitted upon the trial that both William Stewart, 2d, and John Stewart, the plaintiff, have always been aliens and residents of Ireland, in the kingdom of Great Britain, as was also their ancestor. At the close of the plaintiff's case the court dismissed the complaint, solely upon the ground that the plaintiff was an alien, and could not, therefore, inherit property from an alien which came to such other alien by descent.

It was clearly established that plaintiff was not entitled to inherit from Alexander T. Stewart at the time of his death in 1876, for when that event occurred plaintiff's grandfather, William Stewart, 2d, was living, and he was the person who would have inherited from Alexander T. Stewart had the latter died intestate and he was possessed of right to inherit. McLean v. Swanton, 13 N. Y. 535. It is the settled rule in actions of ejectment that the plaintiff must recover on the strength of his own title, and the weakness of the title of his adversary, who is in possession, cannot aid him. Roberts v. Baumgarten, 110 N. Y. 380, 18 N. E. 96.

It is not needful that we discuss the status of nonresident aliens in respect of their right to take real property, held and owned by a resident citizen of this country, at common law or under the Revised Statutes. Such question has been the subject of discussion in numerous cases, and the rule in respect thereto is well settled. The plaintiff's rights, whatever they are, do not depend upon the rule as it existed at common law or under the Revised Statutes, nor is anything to be adduced therefrom which aids him in his claim. If he has taken any interest in the property, the subject of this action, as an heir of Alexander T. Stewart, he takes it by virtue of the provisions of chapter 115, p. 94, of the Laws of 1845, as amended by chapter 261, p. 317,

of the Laws of 1874, and chapter 38, p. 32, of the Laws of 1875. These were the statutes in existence which are controlling in disposition of the rights of the plaintiff at the time of the death of Alexander T. Stewart. His capacity to take by descent must exist at the time when the descent occurs, and, as these statutes measure all of his rights in this respect, whatever right he has must be determined thereunder. Heney v. Brooklyn Benevolent Society, 39 N. Y. 337. Our attention has been called to statutes (chapter 207, p. 365, Laws 1893, and chapter 593, p. 706, Laws 1897) which very much enlarge the rights of nonresident aliens to take and hold property by descent from resident citizens and aliens. These statutes, however, have no retroactive effect, and may not, therefore, be invoked in determining the status of the plaintiff in his capacity to take real property by descent. The statutes under which the plaintiff's rights are to be determined have been the subject of construction by the General Term of this court, and the precise point involved in this case, and upon which the dismissal of the complaint was based, has been authoritatively adjudicated. Therein it was held that the words "purchase and take a conveyance of real estate" excluded from the operation of the section lands acquired by descent. Callahan v. O'Brien, 72 Hun, 216, 25 N. Y. Supp. 410. This decision has precise application, for here the plaintiff takes by descent from his grandfather, and he confessedly took by descent. In no sense, therefore, either by devise or otherwise, did plaintiff's ancestor purchase and take a conveyance of this real estate. Argument is useless where the point is so clearly decided. The same point was also decided by Wallace, J., in the Circuit Court of the United States. Branagh v. Smith (C. C.) 46 Fed. 517. The latter case not only makes construction of the statute, but decided that it was applicable to an alleged heir of the estate of Alexander T. Stewart. This decision was approved in Callahan v. O'Brien, supra.

The appellants claim that these decisions are in conflict with Smith v. Reilly (Sup.) 66 N. Y. Supp. 40, affirmed on appeal sub nomine Smith v. Smith, 70 App. Div. 286, 74 N. Y. Supp. 967. Therein it was held that the daughter of a nonresident alien devisee, under a will of a resident naturalized citizen of this state, was entitled to take by descent from such nonresident alien the estate so devised. The case was properly decided, as it was within the terms of the statute of 1845 and the amendments thereto. Her ancestor had taken the property by purchase, because he obtained it by devise, and therefore he held the same as a purchaser (Stamm v. Bostwick, 122 N. Y. 48, 25 N. E. 233, 9 L. R. A. 597), and the alien daughter was therefore entitled to take. Therein the case of Callahan v. O'Brien, supra, was cited and approved. There is nothing, therefore, in the decision of that case which aids the plaintiff herein. It is quite likely that the defendants could not avail themselves of the doctrine of escheat, as this is a question solely between the state and the heir, and the heir would be entitled to hold until "office found" and escheat is declared. Croner v. Cowdrey, 139 N. Y. 471, 34 N. E. 1061, 36 Am. St. Rep. 716. Such question, however, is of no importance, as the plaintiff herein has never acquired any title, and, as we have seen, he must stand upon the strength of his own title. Doubtless the plaintiff was not required to show who were all

of the heirs at law entitled to take; he was only required to show that he was so entitled. Rhoades v. Freeman, 9 App. Div. 20, 41 N. Y. Supp. 135. These questions, however, are unimportant, as we think that the learned trial judge was correct in the disposition which he made of the case. This conclusion renders it unnecessary for us to discuss the ruling of the trial judge in excluding evidence tending to establish pedigree. The rule, enforced was doubtless too strict, and much of the testimony offered should have been received; but it is unnecessary to discuss the question, as the plaintiff is not aided thereby.

It follows that the judgment should be affirmed, with costs.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., concurs in result.