(46 Misc. Rep. 510.)

## McCORMACK v. CODDINGTON et al.

(Supreme Court, Special Term, New York County.   March, 1905.)

1. ALIENS—CAPACITY TO INHERIT.

Under 3 Rev. St. p. 2211, pt. 2, c. 2, § 6, providing that in case an intes-
tate shall die without descendants, leaving a mother and brothers or sisters,
the inheritance shall descend to the mother during her life, and the re-
version to such brothers and sisters of the intestate as may be living,
and Laws 1845, p. 95, c. 115, § 4, as amended by Laws 1875, p. 32, c. 38,
providing for transmission of title by inheritance from alien residents or
naturalized or native citizens to aliens, who under the statutes of the
state would be their heirs, but requiring such aliens to declare their in-
tention to become citizens in order to hold title as against the state, sur-
viving brothers and sisters of a naturalized citizen or resident alien who
dies leaving no children may take as her heirs; but her brothers cannot
hold their shares as against the state, unless they are citizens, or, if aliens,
either resident or nonresident, have made and filed the required deposition
of their intention to become citizens.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 21–29,
33–46.]

2. SAME—TRANSMISSION OF TITLE.

Under Laws 1877, p. 117, c. 111, § 1, providing that the right of any citi-
zen to land shall not be questioned by reason of the alienage of any person
through whom such right may have been acquired, a grantee of a citizen
who acquired title by conveyance from a nonresident alien takes a good
title.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 21–29,
33–46.]

3. SAME—TITLE ACQUIRED BY DESCENT—ESCHEAT.

Const. art. 1, § 11, provides that the people are deemed to possess the
ultimate property in all lands in the state, and all lands, title to which
shall fail from defect of heirs, shall escheat to the people.  Laws 1845,
p. 95, c. 115, § 4, as amended by Laws 1875, p. 32, c. 38, provides for the
transmission of title by inheritance from alien residents or naturalized
or native citizens who have purchased lands within the state to aliens,
who under the statutes of the state answer the description of their heirs,
but require such aliens to declare their intention of becoming citizens in
order to hold as against the state.   Held, that where a nonresident alien,
who had acquired title by descent from a resident, failed during his life-
time to file a deposition as to his intention to become a citizen, and died
at a time when there was no statute authorizing the transmission of title
by inheritance from a nonresident alien who had himself acquired title
by descent and not by purchase, his title on his death vested at once in
the people, without any inquest of office.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 21–29,
33–46.]

4. SAME—DECLARATIONS AS TO CITIZENSHIP.

An alien female is not required to make or file the deposition of inten-
tion to become a citizen, required by Laws 1845, p. 95, c. 115, § 4, as
amended by Laws 1875, p. 32, c. 38, as a condition of holding title to land
transmitted to aliens by descent.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Aliens, §§ 21–29,
33–46.]

5. ADVERSE POSSESSION—COMMENCEMENT TO RUN.

Adverse possession does not begin to run against remaindermen until
the death of the life tenant on which their remainder is expectant.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Life Estates, § 26.]

Action for partition by Anne McCormack against Charles E. Coddington and others. Judgment for plaintiff.

See 90 N. Y. Supp. 218.

David B. Simpson, for plaintiff.

J. C. Thompson, for defendant Coddington.

William C. Orr, for defendant Emigrant Bank.

John Cunneen, Atty. Gen. (Edward M. Bassett, of counsel), for defendant state of New York.

DOWLING, J. Margaret Clifford died in the city of New York, intestate, on June 21, 1882, seised of the premises No. 130 West Forty-Seventh street, in said city, and leaving her surviving her husband (since deceased), and Patrick Casey and John Casey, her brothers, and Anne McCormack, Ellen Dunn, and Maria Rooney, her sisters. Patrick Casey died unmarried and intestate, at Bishopstown, Ireland, on May 30, 1883, leaving him surviving his mother, Mary Casey (deceased June 23, 1899), and his brother and sisters aforesaid. During the entire period of his life and at the time of his death he was a resident of Ireland, and a citizen of the Kingdom of Great Britain and Ireland, as was his mother, Mary Casey. His brother, John Casey, is and always has been a resident of Ireland, and a citizen of the Kingdom of Great Britain and Ireland; and the same is true of his sister, the plaintiff herein. Ellen Dunn was a citizen of the Kingdom of Great Britain and Ireland, but for some time prior to the death of Margaret Clifford she was, and now is, a resident of the United States. The remaining sister, Maria Rooney, became a citizen of the United States on October 16, 1867, and still is such citizen, and is a resident of the state of New York. Through various conveyances the defendant Charles· E. Coddington has become possessed of the shares of Ellen Dunn, Maria Rooney, and John Casey in said premises, and he claims title to the entire property by reason of the transfers to him, while the plaintiff claims to own a one-fifth share in said premises as the sister of Margaret Clifford, and the people of the state of New York claim a similar share by escheat, by reason of the death of Patrick Casey, a nonresident alien. Upon the death of Margaret Clifford in 1882, she being a resident of this state and seised of the premises in question, the inheritance descended to her mother, Mary Casey, for life, with remainder to her brothers Patrick and John, and her sisters, Anne, Ellen and Maria, in equal undivided one-fifth shares. 3 Rev. St. (7th Ed.) 2211, pt. 2, c. 2, § 6. Whether Margaret Clifford was a naturalized citizen or a resident alien, her heirs were capable of taking; but the male heirs could not hold their shares as against the state, unless they either were citizens, or, if aliens, made and filed in the office of the Secretary of State the deposition provided for by law. Laws 1845, p. 95, c. 115, § 4, as amended by Laws 1875, p. 32, c. 38. This statute applies to both resident and nonresident aliens. Goodrich v. Russell, 42 N. Y: 177; Smith v. Smith, 70 App. Div. 288, 74 N. Y. Supp. 967. John Casey, a nonresident alien, conveyed his

interest to Maria Rooney, a citizen, who reconveyed to defendant Coddington in 1903. This vested John Casey's one-fifth interest legally in said Coddington. Laws 1877, p. 117, c. 111, § 1. Patrick Casey, a nonresident alien, died, intestate and unmarried, in Ireland, in 1883. He had never made the deposition required by law. Under the common law, when an alien who holds land dies, it instantly, and of necessity, without any inquest of office, escheats and vests in the state, because the freehold cannot be kept in abeyance, and he is incompetent to transmit by hereditary descent. Jackson v. Adams, 7 Wend. 368. By section 11, art. 1, of the state Constitution it is provided that the people of the state, in their right of sovereignty, are deemed to possess the original and ultimate property in and to all lands within the jurisdiction of the state, and all lands, the title to which shall fail from a defect of heirs, shall revert or escheat to the people. At common law, as an alien could not transmit by hereditary descent, no one could take by inheritance when he must deduce his title through an alien who has not inheritable blood. Mooers v. White, 6 Johns. Ch. 360. There was as well no statutory provision in 1883 authorizing either a nonresident, or resident alien, or a citizen to take by descent from a nonresident alien who had himself acquired title by descent and not by purchase. Branagh v. Smith (C. C.) 46 Fed. 517. The one-fifth share of Patrick Casey, therefore, having been subject to escheat in an action by the state during his lifetime for failure to file the required deposition, at his death became the subject of absolute escheat by reason of his dying a nonresident alien owner of an estate acquired by descent, and vested at once in the people of the state of New York. Anne McCormack, as sister of Margaret Clifford, is the owner of a one-fifth share in the premises in question. Being a female, she is not required to make or file the deposition referred to in the statute. As adverse possession did not begin to run against the remaindermen until the death of the life tenant, June 23, 1899, that defense is not available here. Jackson v. Mancius, 2 Wend. 357; Devyr v. Schaefer, 55 N. Y. 446; Snow v. Monk, 81 App. Div. 206, 80 N. Y. Supp. 719; Thompson v. Simpson, 128 N. Y. 270, 28 N. E. 627. The defendants Rummey and Rooney have no interest in the premises, as Patrick Casey's share went direct to the state. The shares in said premises are therefore owned as follows: By Charles E. Coddington, three-fifths, subject to the dower right of his wife and to the $10,000 mortgage thereon held by the Irish Emigrant Society; by plaintiff, one-fifth; by the people of the state of New York, one-fifth.

Judgment accordingly.