(70 Misc. Rep. 412.)

### DOUGLASS v. DOUGLASS et al.

(Supreme Court, Special Term, St. Lawrence County. January, 1911.)

1. ALIENS (§ 6*)—DISABILITIES—RIGHT TO TAKE REALTY BY DESCENT.

　　The general rule is that an alien cannot take and hold realty in the United States.

　　[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 5–10; Dec. Dig. § 6.*]

2. EVIDENCE (§ 37*)—JUDICIAL NOTICE—LAWS OF FOREIGN COUNTRY.

　　Courts will not take judicial notice of the laws of a foreign country, but they must be proved as other facts; and hence alien relatives of one dying the owner of realty in New York, who are subjects of Great Britain and Spain, cannot inherit an interest in such realty, under Real Property Law (Consol. Laws 1909, c. 50) § 10, subd. 2, providing that any citizen of a nation, which by its laws confers similar privileges on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

citizens of the United States, may acquire realty within the state, the same as if they were at the time citizens of the United States, in the absence of proof that Great Britain and Spain by law conferred privileges upon citizens of the United States to inherit lands in like cases, at the time of intestate's death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 52; Dec. Dig. § 37.*]

3. ALIENS (§ 9*)—RIGHTS TO TAKE LAND THROUGH DESCENT.

Second cousins of decedent, otherwise entitled to inherit, who are citizens of the United States, are not precluded from inheriting because their relationship to decedent must be traced through alien ancestors, under Decedent Estate Law, § 86 (Consol. Laws 1909, c. 13), providing that a person capable of inheriting under the provisions of the article shall not be precluded from such inheritance by reason of the alienage of an ancestor.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 21–29; Dec. Dig. § 9.*]

4. ESCHEAT (§ 4*)—PROPERTY SUBJECT TO ESCHEAT.

Where some persons who answer the description of heirs at law are incapable of taking by reason of their alienage, they are to be disregarded, and the whole title vests in those heirs competent to take, and the portion which would otherwise go to the aliens does not escheat to the state.

[Ed. Note.—For other cases, see Escheat, Dec. Dig. § 4.*]

Action by Horace G. Douglass against Mary Douglass and others. Judgment rendered.

Willis J. Fletcher, for plaintiff.

Thomas J. Carmody, Atty. Gen., for defendant People of State of New York.

VAN KIRK, J. This is an action in partition. The only question presented to the court for determination is as to the rights and interests of the parties in the real estate in question. Robert Douglass, the deceased intestate, left him surviving his widow, but no children or descendants. He was the illegitimate son of Robina Douglass, who is dead. His heirs at law are second cousins, all being in the same degree of consanguinity. The plaintiff and the defendants William A. Douglass, John A. Douglass, Jeannette E. Douglass, Mary E. Douglass, and Elizabeth D. Grubb are the children of William Douglass, deceased, who was the son of William Douglass, deceased, who was the brother of Robina Douglass. Said brother, William Douglass, was a citizen of the United States, as are his said grandchildren. Robina Douglass had two sisters, Margaret D. Robinson and Elizabeth D. Potter, neither of whom was a citizen of the United States, or ever lived in the United States, but were British subjects; and the defendants, their grandchildren, are also British subjects, save one, who appears to be a subject of Spain.

Section 86 of the decedent estate law (Consol. Laws 1909, c. 13) provides that:

"If there be no father or mother capable of inheriting the estate, it shall descend in the cases hereinafter specified to the collateral relatives of the intestate; and if there be several such relatives, all of equal degree of con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sanguinity to the intestate, the inheritance shall descend to them in equal parts, however remote from him the common degree of consanguinity may be."

Section 89 provides:

"If an intestate who shall have been illegitimate die without lawful issue, or illegitimate issue entitled to take, under this section, the inheritance shall descend to his mother; if she be dead, to his relatives on her part, as if he had been legitimate."

Under these provisions of the statute, the real estate descends to the second cousins of the deceased, William Douglass, if they are capable of taking. The second cousins are the grandchildren of the deceased brothers and sisters of Robina Douglass, the mother of the intestate.

[1] The real question presented is whether the second cousins, who are aliens, can inherit. The general rule under our statutes is that an alien cannot take and hold real estate in the United States.

[2] Real Property Law, § 10, subd. 2 (Consol. Laws 1909, c. 50), provides that:

"Any citizen of a state or nation which, by its laws, confers similar privileges on citizens of the United States, may take, acquire, hold and convey lands or real estate within this state, in the same manner and with like effect as if such person were, at the time, a citizen of the United States."

It does not appear in this case whether or not, at the time of the death of the intestate, the laws of Great Britain or Spain conferred upon citizens of the United States the privilege of taking and holding title to real estate; and therefore, under the evidence in this case, it must be held that the defendants, the descendants of Margaret Robinson and Elizabeth B. Potter, take no interest in the real estate. The laws of a foreign country will not be judicially noticed by the courts of this state. They are to be proved as is any other fact in a case. The alien defendants have not appeared or answered in this case.

[3] In section 95 of the decedent estate law (Consol. Laws 1909, c. 13) it is provided that:

"A person capable of inheriting under the provisions of this article, shall not be precluded from such inheritance by reason of the alienism of an ancestor."

So that, whether or not William Douglass, the brother of Robina Douglass, was a citizen of the United States, does not affect the right of the descendants of said William Douglass, now living, who are citizens of the United States, from taking title to the real property. The plaintiff, his two brothers, and three sisters, citizens of the United States, therefore, take the said real estate share and share alike; each being entitled to a one-sixth interest therein. Haley v. Sheridan, 190 N. Y. 331, 83 N. E. 296; McCarty v. Marsh, 5 N. Y. 263; McLean v. Swanton, 13 N. Y. 535; Callahan v. O'Brien, 72 Hun, 216, 25 N. Y. Supp. 410.

[4] In the answer of the Attorney General it is claimed that the shares of the alien defendants George Potter, Alfred Potter, John Robson, George Robson, Isabella M. Robinson, and Mrs. B. Smith escheated to the people of the state of New York by reason of their alienage. This position is untenable. In Luhrs v. Eimer, 80 N. Y.

171, it is said that, if some persons who answer the description of heirs at law are incapable of taking by reason of their alienage, they are disregarded, and the whole title vests in those heirs competent to take, provided they are not compelled to trace their inheritance through an alien.  Where a person dies leaving issue who are aliens, the latter are not deemed the heirs at law, for they have no inheritable blood, and the estate descends to the next of kin who have inheritable blood in the same manner as if no alien issue were in existence.  2 Am. & Eng. Ency. of Law, 73, note, citing Orr v. Hodgson, 4 Wheat. 453, 4 L. Ed. 613; Orser v. Hoag, 3 Hill, 79; Jackson v. Jackson, 7 Johns. 214.  The citizens, defendants, therefore, take the title; and the state of New York has no interest therein.

A decision and judgment may be prepared accordingly.

Judgment accordingly.