TEMPY KINGMAN vs. CHARLES E. KINGMAN & another, administrators.

Plymouth. Oct. 26.— Nov. 20, 1876. COLT, DEVENS & LORD, JJ., absent.

Whether the testimony of the legatee is sufficient to overcome the presumption of the payment of a legacy, arising from lapse of time, is a question of fact, upon which the finding of a judge, trying an action at law without a jury, is conclusive.

A testator by his will gave to his wife "the use and improvement of all my part of the dwelling-house where we now reside, except the right and privilege therein which is hereinafter devised to my daughter T.; also so much firewood, furnished at the door, prepared for the fire, as she may need to support such fire or fires as her comfort may require;" and to his daughter "the use and improvement of so much of my house as she may need during her life, and also a privilege at the fire, which I have made for my wife, while they live together." Held, that the daughter took an interest in the nature of an easement or servitude, to which the "privilege at the fire" was an incident, to recover the value of which an action of contract would not lie.

CONTRACT, against the administrators of the executor of Abel Kingman, to recover the value of a legacy. Writ dated July 15, 1875. Trial before Colt, J., who reserved the case for the consideration of the full court in substance as follows:

The will of Abel Kingman, who died in 1850, contained the following clauses: "I give to my wife, Fanny Kingman, the use and improvement of all my part of the dwelling-house where we now reside, except the right and privilege therein which is hereinafter devised to my daughter Tempy. I also give to my wife one cow, which she may choose out of my stock."

"I also give to her the keeping of a cow out of my estate, and the use of a horse and carriage, so much as she may need; also so much firewood, furnished at the door, prepared for the fire, as she may need to support such fire or fires as her comfort may require."

"I give to my daughter Tempy the use and improvement of so much of my house as she may need during her life, and also a privilege at the fire, which I have made for my wife, while they live together. I also give her twenty dollars, and the use of one seat in my pew on the south side of the meeting-house during her life."

" All the rest and residue and remainder of my estate, real and personal, I give to Edwin H. Kingman, requiring him to pay all my just debts, and the legacies herein devised."

Edwin H. Kingman was made sole residuary devisee and executor, and gave bond on February 18, 1850, " to pay all the debts and legacies of said testator, and in all matters the same concerning, faithfully fulfil the said testator's will, and administer his estate according thereto." He returned no inventory.

At the making of the will, and at the death of the testator, who left ample estate to carry out his will, he, his wife, the plaintiff, and one minor child occupied the dwelling-house referred to in the will. The plaintiff remained there a few months, and was then told by Edwin H. Kingman that " she had no right to firewood, or a home there, and nothing was left her by the will." She had no sufficient means of support, and shortly thereafter, in order to provide for her necessities, and because it was not pleasant for her, on account of the unkind remarks of Edwin H., to live in the house, left of her own accord, and has since lived elsewhere. Edwin H. Kingman bought out the widow's right in the estate in 1853, took possession of the entire house, and let it, and received the rents of the estate thereafter.

The defendants relied upon the lapse of twenty years as presumptive evidence of payment of the legacy of $20, and offered no evidence on that point. The plaintiff testified that it had never been paid, and that she never knew she had a legacy until a short time before, when she first learned it from one Cyrus E. Kingman, and he testified he first told her in June, 1875. There was no contradictory testimony on this point. One or two witnesses testified that the plaintiff was *non compos* from her birth, but it was in evidence that she was able to work and earn wages up to the present time, and received pay for the same herself. She was called by her guardian as a witness, and testified that when she left the house she went elsewhere to work and to support herself.

The judge found that she was only a person of weak memory and intellect; and also found that her testimony was not sufficient to control the presumption of payment from lapse of time.

The defendants contended that an action of contract would not lie to recover the value of the other provision for the plaintiff; either for the use and improvement of the house, the pew, or for the firewood; or for the rents of the house actually received by Edwin H. Kingman.

If an action of contract could be maintained in any form, for these last items, the case was to be sent to an assessor; also if the finding of the payment of the legacy of $20 was wrong as matter of law.

*E. H. Bennett & H. J. Fuller*, for the plaintiff.

*J. White*, for the defendants.

MORTON, J. The question whether the evidence in this case was sufficient to overcome the presumption of payment from lapse of time was a question of fact. *Andrews* v. *Sparhawk*, 13 Pick. 393. *Cheever* v. *Perley*, 11 Allen, 584. It was for the presiding justice who tried the case to weigh the testimony and to determine whether, in view of all the circumstances of the case, it controlled the presumption of payment, and we cannot revise his findings upon matters of fact.

The other question reserved by the report is, whether the plaintiff can maintain an action of contract to recover the value of the other provisions made for her in the will of her father. The will gives to the testator's wife " the use and improvement of all my part of the dwelling-house where we now reside, except the right and privilege therein which is hereinafter devised to my daughter Tempy." It also gives to her " so much firewood, furnished at the door, prepared for the fire, as she may need to support such fire or fires as her comfort may require." It then contains the following provision : " I give to my daughter Tempy the use and improvement of so much of my house as she may need during her life, and also a privilege at the fire, which I have made for my wife, while they live together. I also give her twenty dollars, and the use of one seat in my pew on the south side of the meeting-house during her life." We think the intention of the testator was to give to his wife a life estate in the house, subject to a privilege or easement in his daughter to occupy so much of it as she needed during her life. The whole tenor of the will shows that he contemplated that the use and enjoyment of such part as she needed was to be personal

to her. She took an interest in the real estate in the nature of an easement or servitude, but not as tenant in common with her mother or the residuary devisee. The "privilege at the fire" was merely an incident of the use and enjoyment of her easement, which would continue while she and her mother lived together.

These gifts cannot be held to be in the nature of a legacy of personal property, for which an action of contract to recover their value can be maintained. If she has been disturbed in the enjoyment of her easement, an action of contract is not the proper remedy.

We have not considered the question of the plaintiff's right to a seat in the pew, as it has not been argued by counsel, and there was no evidence that the defendants' intestate had interfered with this right. *Judgment for the defendants.*