### SHERRER v. BARTLETT et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

WILLS—CONSTRUCTION.

Under a codicil of a will devising a life estate to a wife, with power to sell if necessary for her support, and bequeathing a certain sum to another, to be a lien on the land devised to the wife, and payable after her death, a sale by the widow for her support does not destroy the lien.

Appeal from special term, Schuyler county.

Action by John W. Sherrer against Sarah L. Bartlett and others to enforce a lien on land for the payment of a legacy. Judgment for plaintiff, and defendant Bartlett appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

W. F. Bishop, for appellant.

Woodward & Pellet, for respondent.

MERWIN, J. James P. Sherrer died on March 6, 1882, leaving a widow, but no issue. He left a will dated September 7, 1881, and a codicil thereto dated February 27, 1882, which were afterwards duly probated. By the third clause of the will the testator gave to his wife, and to her heirs and assigns forever, a lot of land in the town of Hector containing about six acres. By the fourth clause he gave to his wife the use of his home farm, in the town of Montour, during her life, with the provision that:

"In case of the provisions herein made shall at any time be insufficient, in her opinion, for her proper maintenance and support, then I hereby authorize, and empower my said wife to lease, mortgage, or sell said premises, or any part thereof, and to execute any and all conveyances to accomplish such lease, mortgage, or absolute sale, and to appropriate the proceeds to her own use."

By the fifth clause it was provided that, in case the farm in town of Montour was not sold by his wife, then all the rest, residue, and remainder of his estate therein he devised to Solomon C. Benson, provided he should pay certain legacies which were made a charge

on the farm, subject to his wife's estate and power therein; the legacies to become due and payable one year after the decease of his wife. One of these legacies was $500 to the plaintiff, John W. Sherrer, a half-brother of the testator; another was $500 to Samuel Sherrer; and a third was $500 to such person as his wife should nominate. These legacies were subject to reduction in case the widow incumbered the farm. By the codicil the testator changed the fourth clause of the will so as to read as follows:

"I give and devise to my said wife, Amitta Sherrer, one undivided half of my home farm, in the town of Montour, N. Y.; to her, her heirs and assigns, forever. The remaining one-half of said farm I give and devise to my said wife, Amitta Sherrer, to her use and benefit for and during the term of her natural life; and in case the provisions herein made shall at any time be insufficient, in her opinion, for her maintenance and support, then I hereby authorize and empower my said wife to lease, mortgage, or sell said premises, or any part thereof, and to execute any and all conveyances to accomplish such purpose, and to appropriate the proceeds thereof to her own use."

The testator also changed the fifth clause so as to provide that, in case the one-half of the farm willed to his wife for life was not sold by her during her lifetime, then he devised all the rest of his estate therein to Benson, provided he should pay a legacy of $500 to Samuel Sherrer, which he made a charge on said .one-half, subject to his wife's estate and power therein, and subject to be reduced if his wife incumbered the said one-half. The other provision of said fifth clause of the will was revoked. The codicil then proceeded as follows:

"I add to my said will the following bequest: To John W. Sherrer I will and bequeath five hundred dollars, to be paid one year after the decease of my said wife; said five hundred dollars to be paid from the estate herein given to my wife, and to be a lien, after the decease of my said wife, upon the property herein bequeathed and devised to her."

Then followed a direction as to a monument.

The widow died November 9, 1897, and this action was commenced in March, 1899, to enforce payment of the legacy to plaintiff, as a lien on the home farm. On the 8th March, 1887, the widow, in consideration of $5,000, the full value of the farm, conveyed the same by warranty deed to William Bartlett, Jr.; he giving back a mortgage for a portion of the purchase money. This mortgage was assigned by the widow to Hattie L. Boyce, who foreclosed the same and bid in the premises, and thereafter conveyed the same to the defendant Bartlett.

At the trial the court held that the legacy to plaintiff was a charge on the undivided half of the farm devised to the widow, and directed a sale thereof, and payment of the legacy from the proceeds. There was no personal property with which to pay the legacy. The view of the trial court was that the power given to the wife to sell, and appropriate the proceeds of the sale to her own use, referred only to the undivided half previously given in the same sentence to her for life, that the legacy to the plaintiff was not a contingent one, that it was the intention of the testator to make it a charge upon the property previously given in fee to the wife, and that the widow had no power to sell such property free from.

the charge. This view is, I think, the correct one. It is argued that the legacy to plaintiff, if construed as a charge or lien on the property devised in fee to the widow, is void, as being repugnant to the absolute devise to the wife. I think not. The two clauses are to be construed together. The testator, in effect, said that he devised certain property to his wife, but charged thereon a certain legacy that he gave to the plaintiff, making it payable after his wife's death. This is not a repugnancy, but a qualification, according to the intention of the testator. See 1 Jarm. Wills (5th Ed. by Bigelow) 472 et seq.

It is suggested by the appellant that the Hector land, devised to the wife by the third clause of the will, should have been first resorted to. It does not, however, appear that the testator at his death owned this lot, or that it ever came to the possession of the widow. No claim in that respect is set up in the answer, or taken at the trial. No good reason is apparent for reversing the judgment, and it should be affirmed.

Judgment affirmed, with costs. All concur.