CLARENCE E. HOLDEN, Appellant, v. RALPH RUSH, Respondent, Impleaded with EVA M. HOLDEN and ISRAEL RUSH, Defendants.

Third Department, May 8, 1907.

**Will construed — devise restricting sale before majority of devisee — partition barred by restriction.**

An absolute devise of a house and lot to the children of the testatrix with a provision that they shall use and enjoy the house and premises until the youngest child shall have reached his majority, at which time either child may purchase the interest of the other if he desires, prevents the sale of the lands before the youngest child reaches his majority, and they cannot be partitioned until that time.

Such construction will be given, although the absolute devise and the restriction thereon are expressed in separate paragraphs, for the latter provision, including no words of disposition, should be construed as part of the preceding paragraph.

APPEAL by the plaintiff, Clarence E. Holden, from a judgment of the Supreme Court in favor of the defendant Ralph Rush, entered in the office of the clerk of the county of Washington on the 13th day of December, 1906, upon the decision of the court, rendered after a trial at the Washington Special Term, overruling the plaintiff's demurrer to the second separate defense contained in the answer of the defendant Ralph Rush, by Israel Rush, his guardian ad litem.

*J. Sanford Potter* and *Otis A. Dennis,* for the appellant.

*Robert O. Bascom* and *Wyman S. Bascom,* for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of VAN KIRK, J., at Special Term.

All concurred.

The following is the opinion delivered at Special Term:

VAN KIRK, J.:

This action is brought for the partition of certain real estate situate in the village of Whitehall, N. Y. The defendant Ralph Rush interposes an answer; and, as a second separate defense, sets up a will of S. Elnora Rush and claims that, under the provisions of this will,

the real estate sought to be partitioned or sold could not be disposed of until the defendant Ralph Rush reaches the age of twenty-one years.    The plaintiff has demurred to this separate answer on the ground that it is insufficient in law.    Whether or not it is insufficient depends, as the attorneys for both parties contend here, upon the construction of the will of S. Elnora Rush.    Plaintiff contends that the clause of the will, giving the title to the said real estate, conveys an absolute title in fee, and, therefore, the restriction upon the sale of the property until the son Ralph shall reach the age of twenty-one years is repugnant to the earlier clause of the will and therefore, must be disregarded.    In the certified copy of the will furnished to me, the division of the will marked " Second " in its first paragraph makes an absolute devise to the children Ralph and Myrtle of the house and lot in question, subject to the condition that the barn on the premises shall not be moved nor any trees on said premises cut down.    Then follows a period, and a paragraph which continues : " Together with all the furniture, including piano, * * * contained in said house just as it is to-day ; that they use and enjoy said house and premises and all that it contains until Ralph, the youngest of said two children, shall have reached his majority, at which time, if either one desires to purchase the interest of the other therein, he or she may do so."    Although the last quotation is in a separate paragraph and is preceded by a period, the quotation is incomplete and is a part of the first sentence of the said second division of the will.    Without reading it as a part of the first sentence, there are no words disposing of the personal property. The form is not unlike that contained in conveyances, and the first two paragraphs of the second division of the will must be read as one sentence.    By this sentence, while apparently an absolute title is devised to the two children, the condition in the same sentence is attached which shows plainly that the mother intended the children to have a home in the house and the right to keep the said real estate until the younger child reached the age of twenty-one years.    It seems to me that this is the plain intent of the testatrix, and that the later paragraph in the said second clause, which forbids either of the children to dispose of any of the property " herein given, bequeathed and devised until my son Ralph shall have reached his majority," is not necessary to be operative.    The first sentence in

the said second division of the will conveys the same intent upon the part of the testatrix which is contained in this later provision.

The suggestion of the plaintiff that this later paragraph refers only to the personal property does not seem to be well taken, because personal property is not devised. If there were no other expressions in the will than this later paragraph which forbids the sale of any property until Ralph attains his majority, to show the intent of the testatrix, the authorities cited by the plaintiff to the effect that a restriction upon the absolute devise is repugnant and, therefore, must be disregarded would be more plainly applicable. I find no authority which holds that a testator may not in one and the same sentence in his will use words which apparently make an absolute devise of real estate and restrict the devisees, his children, from disposing of the real estate until the youngest child reaches his majority. I know of no principle of law which forbids that the plain intent of the testator, as expressed in this will, should not be given effect.

It can hardly be said that the defendant Ralph, being a minor, his interests could not be affected by a sale of the house and the substitution of the proceeds of the sale in place of his interest in said house. The mother desired the children to have a home until the younger child reached his majority, and it does not appear that the proceeds of his interest in this real estate would provide them a home or that he would be as well cared for on those proceeds as in the home which the mother intended he should have until he reached his majority.

In my opinion the testatrix, the mother of Ralph and Myrtle, intended by her will to give to her two children, share and share alike, her real and personal property, and to insure to her children a home in the house furnished as she left it, until the younger child should attain the age of twenty-one years. I do not think the court is required to interfere with this plain intent.

An order may be prepared overruling the demurrer, with costs in favor of the defendant Ralph against the plaintiff.