TUCKER v. TUCKER et al.

(Supreme Court, Appellate Division, Third Department.  November 13, 1907.)

1. DESCENT AND DISTRIBUTION—REAL PROPERTY—INTEREST ACQUIRED BY MOTHER.

Where intestate left a mother, a brother, sisters, and children of a deceased sister, under the express terms of Real Property Law, Laws 1896, p. 619, c. 547, § 285, the mother inherited only a life estate, with remainder to the other heirs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, §§ 84-90.]

2. DEEDS—RESERVATION—MAINTENANCE OF GRANTOR — EFFECT — RIGHTS OF
   TRANSFEREE.

> Where a mother conveyed land to her daughter, reserving the right to
> comfortable maintenance upon the land in the daughter's family, the
> daughter's death did not deprive the mother of the benefit of the reser-
> vation, and the reasonable value of her maintenance was an equitable
> lien or charge enforceable against the land by the mother's grantee, with-
> out regard to her statutory life estate acquired as her daughter's heir;
> the equitable charge for maintenance being an incumbrance on the en-
> tire property, including the life estate and remainder.

3. ESTOPPEL—DEED—COVENANT OF WARRANTY—AFTER-ACQUIRED TITLE.

> A title subsequently acquired by one who has granted land with cove-
> nant of warranty inures to the benefit of the grantee.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 99–
> 107.]

Appeal from Trial Term, Warren County.

Partition action by Mary L. E. Tucker against Aaron S. Tucker,
Samuel Morgan, and others. From an interlocutory judgment, de-
fendant Morgan appeals. Reversed, and new trial granted.

This is an action for the partition of a farm. Phœbe Stover, the original
owner, conveyed the farm in 1876 to her daughter, Emma Galusha. The
deed contained the following clause: "The said party of the first part here-
by reserves to herself the right of her comfortable maintenance upon the
within described premises in the family of the said party of the second part
during her natural life, and also that the said party of the second part shall
not sell or convey the said within described premises during the natural life
of the said party of the first part without her consent." In 1880 Emma
Galusha died intestate, leaving as her heirs her mother, said Phœbe Stover,
two sisters, a brother, and children of a deceased sister. In 1892 and 1893
two of Emma Galusha's sisters conveyed their interests in the property to
plaintiff's husband, Aaron S. Tucker, and he subsequently conveyed to plain-
tiff. Hence her source of title. In 1881 Phœbe Stover executed a quitclaim
deed to Daniel Galusha, the husband of her deceased daughter Emma, in
form covering the whole property. He paid her $100 in cash, and gave her
a mortgage on the property for $800, payable in 16 annual installments of $50
each, without interest. Phœbe Stover died in 1905, at the age of 93 years.
In 1888 Daniel Galusha executed a warranty deed of the entire property to
James K. Kenyon. Kenyon in 1890 gave a warranty deed back to Galusha's
second wife, and she, in 1893, gave a warranty deed to Samuel Morgan, this
appellant. Morgan, as part of the consideration of his purchase, paid a bal-
ance due on the above-mentioned mortgage of Phœbe Stover, which at that
time had been assigned to plaintiff's husband. All of the aforesaid deeds
were promptly recorded. In 1893, and after the said deed to Morgan, Daniel
Galusha acquired by purchase from two of the heirs of Emma Galusha, de-
ceased, an undivided one-sixth part of the premises, which the interlocutory
judgment adjudges to belong to the two children of Galusha, subject to the
dower right therein of his widow, Maggie Galusha, he having since died.
Said judgment excludes the appellant from all right and interest in and to
said premises.

Argued before SMITH, P. J., and CHESTER, COCHRANE,
KELLOGG, and SEWELL, JJ.

King & Angell (H. Prior King, of counsel), for appellant.
Rockwood & Salisbury (George R. Salisbury, of counsel), for re-
spondent.

COCHRANE, J. It is obvious from the foregoing statement that
the appellant only has such title to the farm as Mrs. Stover could con-

vey after the death of her daughter, Mrs. Galusha, except as to the undivided one-sixth interest hereafter discussed.   Under Real Property Law, Laws 1896, p. 619, c. 547, § 285, Mrs. Stover inherited from Mrs. Galusha only a life estate in the property, with the remainder to the other heirs of the latter.   But in the deed from Mrs. Stover to Mrs. Galusha the former reserved the right to her comfortable maintenance on the farm.   This right was of a personal character.   It was clearly expressed in the deed that such maintenance should be in the family of Mrs. Galusha, and this idea was further emphasized by the provision that the latter should not convey the premises during the life of Mrs. Stover without her consent.   When Mrs. Galusha died, such arrangement was no longer capable of execution in the manner contemplated by the parties.   That fact, however, did not deprive Mrs. Stover of the benefit of her reservation.   She continued to be entitled to her maintenance, and the value thereof was an equitable lien or charge enforceable against the property.   Borst v. Crommie, 19 Hun, 209; Loomis v. Loomis, 35 Barb. 624; Tolley v. Greene, 2 Sandf. Ch. 91.   The right of maintenance reserved by Mrs. Stover for herself in her deed to her daughter and her statutory life estate as heir of her daughter should not in my judgment be either added or subtracted.   But the equitable charge for the maintenance of Mrs. Stover constituted an incumbrance on the entire property, and both her life estate and the remainder, in proportion to their respective values, were subject thereto.   Mrs. Stover as life tenant had the use, control, and management of the farm while she lived, and it was of no consequence to the remaindermen whether she lived on the farm or elsewhere.   The reasonable value of her maintenance according to her station in life and of the general character contemplated in her deed to her daughter was chargeable against the interests of the remaindermen to the extent above indicated.

Both these rights, viz., the equitable right of Mrs. Stover to have the value of her maintenance enforced against the farm and her life estate in the farm, were transferred by her conveyance to Mr. Galusha and by the subsequent mesne conveyances to appellant.   The error of the court below consists in having ignored the reservation of Mrs. Stover in her deed to her daughter, and treating the case as if the appellant had only acquired the statutory life estate of Mrs. Stover.   It is evident from what has been said that the appellant has a present lien on the property for some part of the value of Mrs. Stover's maintenance.   As the value of the life estate was not established at the trial, and as there is no finding as to the value of the farm, the amount of such lien of the appellant cannot now be stated; but it was clearly error for the trial court to find, as it did, "that upon the death of said Phœbe Stover all the right, title, and interest of said Samuel Morgan in said premises ceased and determined," and to render judgment accordingly.

The judgment is also wrong in adjudging that the undivided one-sixth part of the premises acquired by Daniel Galusha after his conveyance thereof belongs to his widow and heirs.   He had previously conveyed the farm by a warranty deed purporting to convey the entire title, and the appellant succeeds to the title thus conveyed.   It is set-

tled that a title subsequently acquired by a party who has granted land
with covenant of warranty inures to the benefit of his grantee. House
v. McCormick, 57 N. Y. 310; Sweet v. Green, 1 Paige, 473, 19 Am.
Dec. 442; Kellogg v. Wood, 4 Paige, 578. The appellant is therefore
the owner of such undivided one-sixth interest.

The interlocutory judgment must be reversed on the law and facts,
and a new trial granted, with costs to the appellant to abide the event.
All concur.