IDA A. CHEW, Appellant, *v.* HERBERT C. SHELDON et al., Respondents.

Partition — will — testamentary provision for home and support of a daughter in house and farm of testator — when such provision operates as a restriction or lien on sale of farm in partition.

1. At common law, as well as by statute, partition among tenants in common of real property is a matter of right, where they do not desire to hold and use the property in common. But it is equally well settled that equity will not award partition at the suit of one in violation of his own agreement or in violation of a condition or restriction imposed upon the estate by one through whom he claims.

2. Testator by his will gave all of his property to his wife and then provided that a daughter should have "a home and support in the house on the farm that I shall own at my decease, or, if after my decease, my wife shall deem it necessary to remove to some other place, my daughter shall be provided with a home and support by my wife." Testator's wife died before her husband, and after his death this action was brought by a daughter, not mentioned in the will, for the partition and sale of the farm. It is alleged in

the complaint and the trial court has found as a fact that actual partition cannot be made without great prejudice to the owners. It also appears that if the farm were sold and the entire proceeds devoted to the purpose of providing a home and support for the daughter they would be inadequate, and that, therefore, testator's scheme for her support and maintenance would be defeated, whereas the farm itself now provides a home, and with the personal efforts of the daughter may be made to provide sufficient for her support. *Held*, that plaintiff and the other children of testator, as tenants in common, are entitled to a partition or sale of the farm, but that such sale should be made subject to the personal lien and claim of the daughter for whom the testamentary provision was made for her maintenance and a home on the farm with the right to the possession thereof for that purpose.

*Chew* v. *Sheldon*, 153 App. Div. 931, reversed.

(Argued January 14, 1915; decided March 16, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 30, 1912, affirming a judgment in favor of defendants entered upon a dismissal of the complaint upon the merits by the court on trial at Special Term in an action of partition.

The facts, so far as material, are stated in the opinion.

*Edmund B. Jenks* and *Eugene Clinton* for appellant. At the time of the commencement of this action the title of the parties hereto to the lands in question was not subject to any estate therein created by their father's will; and Carrie A. Sheldon is not the owner of any "particular estate" therein under the will of said testator. (*Thurber* v. *Chambers*, 66 N. Y. 42; *Lyon* v. *Lyon*, 65 N. Y. 339; *Loder* v. *Hatfield*, 71 N. Y. 92; *Jackson* v. *Atwater*, 19 Hun, 627; *Borst* v. *Crommie*, 19 Hun, 209; *Bennett* v. *Akin*, 38 Hun, 251; *Sopher* v. *Halsey*, 85 Hun, 464; *Tucker* v. *Tucker*, 122 App. Div. 358.) A gift to Carrie A. Sheldon of an estate in the lands in question would be repugnant to the absolute

gift thereof to the widow. (*Van Vechten* v. *Keator*, 63 N. Y. 52; *Henderson* v. *Merritt*, 10 App. Div. 397; *Noble* v. *Thayer*, 19 App. Div. 446; *Adams* v. *Massey*, 184 N. Y. 62; *Farney* v. *Weirich*, 52 Misc. Rep. 245; *Clay* v. *Wood*, 153 N. Y. 134; *Johnston* v. *Hughes*, 187 N. Y. 446; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Van Kleeck* v. *Dutch Ch.*, 20 Wend. 457; *Catt* v. *Catt*, 118 App. Div. 742.) The defendant Carrie A. Sheldon has no right in or lien upon the lands of which her father died seized, except such as she has acquired as one of her father's heirs at law, and holds in common with the plaintiff and the defendant Herbert C. Sheldon. (*Bennett* v. *Akin*, 38 Hun, 251; *Borst* v. *Crommie*, 19 Hun, 209; *Soper* v. *Halsey*, 85 Hun, 464; *Loder* v. *Hatfield*, 71 N. Y. 92; *Harvey* v. *Olmstead*, 1 N. Y. 483; *Spraker* v. *Van Alstyne*, 18 Wend. 200; *Jackson* v. *Martin*, 18 Johns. 31; *Jackson* v. *Bull*, 10 Johns. 148; *Stone* v. *Huxford*, 8 Blackf. [Ind.] 452; *Thurber* v. *Chambers*, 66 N. Y. 42; *Dill* v. *Wisener*, 23 Hun, 123.)

*Jared T. Newman* for Herbert C. Sheldon, respondent. The defendant Carrie A. Sheldon not only is seized of an undivided one-third of the farm, but also has a superior right to "have a home and support in the house on the farm," as provided by the second paragraph of the will. (*Johnson* v. *Cornwall*, 26 Hun, 499; 91 N. Y. 660; *Kelsey* v. *Western*, 2 N. Y. 500; Thomas on Estates by Will, 1080.) The devise of a "home and support" under the circumstances of this case is such a "particular estate" that a court of equity will deny a sale in partition without the consent of the life occupant. (*Ford* v. *Knapp*, 102 N. Y. 140; *Hewlett* v. *Wood*, 62 N. Y. 75; *Matter of Denfield*, 165 Mass. 265; *Wusthoff* v. *Dracort*, 3 Watts, 240; *King* v. *Cole*, 6 R. I. 584; *G. P. Assn.* v. *Walker*, 52 Md. 452; *Barnes* v. *Kelly*, 41 Atl. Rep. 772; *Danvers* v. *Dorrity*, 14 Abb. Pr. 208; *O'Shaughnessy* v. *O'Shaugh-*

*nessy*, 97 N. Y. Supp. 1126; *Brown* v. *Lutheran Church*, 23 Penn. St. 495.)

*Milo C. Paige* for Carrie A. Sheldon, respondent. Under the provisions of the will of Anson S. Sheldon, deceased, the real estate in question is subject to Carrie A. Sheldon's rights to a home and support. (*Thurber* v. *Chambers*, 66 N. Y. 42; *McGoldrick* v. *Bodkin*, 140 App. Div. 196; *Nellis* v. *Nellis*, 99 N. Y. 505, 516.) The paramount intention of the testator was to provide a home and support for his daughter, Carrie A. Sheldon. (*Weeks* v. *Cornwell*, 104 N. Y. 347; *Matter of James*, 146 N. Y. 76; *Leggett* v. *Firth*, 132 N. Y. 7; *Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Van Vechten* v. *Keator*, 63 N. Y. 52.) The plaintiff cannot maintain partition of the real estate in question. (Code Civ. Pro. §§ 1533, 1537; *Holder* v. *Holder*, 40 App. Div. 255; *Ellerson* v. *Westcott*, 148 N. Y. 149.)

CUDDEBACK, J. Anson S. Sheldon died in the year 1907, leaving a last will and testament made in 1903, whereby he devised all his property, both real and personal, to his wife Juliaette, and made the following provision for his daughter Carrie A. Sheldon:

"*Second.* My daughter Carrie shall have a home and support in the house on the farm that I shall own at my decease, or, if after my decease, my wife shall deem it necessary to remove to some other place, my daughter shall be provided with a home and support by my wife Juliaette."

At the time of making the will, the testator was the owner of a farm containing about 103 acres, and worth about $1,800. His estate at the time of his death consisted of the farm and of personal property of the value of about $550. His heirs at law were the plaintiff, Ida A.

Chew, the defendant Herbert C. Sheldon, neither of whom is mentioned in the will, and the defendant Carrie A. Sheldon in whose favor provision for a home and support was made.

The defendant Carrie A. Sheldon was about fifty years old when her father died. She had never married but had always resided at home with her parents. The testator's other children, the plaintiff and the defendant Herbert C. Sheldon, left home when comparatively young. The testator's wife died before her husband and thereafter and until the demise of the testator the daughter Carrie resided alone with him on the farm referred to in the will. After her father's death she continued to occupy the farm as her home and had her support therefrom with the acquiescence of all the other parties to the action until April, 1909. She had no property except about three or four hundred dollars, which she had saved, and that, together with the provision in the will, were her only means of support.

The plaintiff brings this action for a sale of the farm and a division of the proceeds of the sale among the parties to the action, and for an accounting. It is alleged in the complaint, and the court has found as a fact, that the farm is so situated that actual partition thereof cannot be made without great prejudice to the owners. The action is resisted by the defendant Carrie A. Sheldon on the ground that a sale as demanded in the complaint would be in violation of the provisions of the will giving her a home on the farm and maintenance therefrom, and the defendant Herbert C. Sheldon joins in that defense.

It is a well-settled rule that at common law, as well as by statute, partition among tenants in common of real property is a matter of right, where they do not desire to hold and use the property in common. (*Smith* v. *Smith*, 10 Paige, 470; *Van Arsdale* v. *Drake*, 2 Barb. 599; *Willard* v. *Willard*, 145 U. S. 116.) But it is an equally well-

settled rule that "equity will not award partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one through whom he claims." (*Dee* v. *Dee*, 212 Ill. 338, 354; *Kepley* v. *Overton*, 74 Ind. 448; *Serena* v. *Moore*, 69 N. J. Eq. 687; *Latshaw's Appeal*, 122 Penn. St. 142; *Swaine* v. *Denby*, L. R. [14 Ch. Div.] 326; *Holden* v. *Rush*, 119 App. Div. 716; *Tucker* v. *Tucker*, 122 App. Div. 308; *Buschmann* v. *McDermott*, 154 App. Div. 515; and cases cited in 30 Cyc. 185.)

It is apparent from a reading of the will that the especial objects of the testator's bounty were his wife and the daughter who had remained at home. He makes no mention of his other children who went away early in life. He gave all his property, real and personal, to his wife, but charged the real estate with the burden of providing a home and means of support for the daughter. The home was to be in the house on the farm, and the support was to come from the farm. The only way in which the daughter could be deprived of this home and means of support was by the act of the mother, who might remove from the farm, in which case she was required to provide a home and support for her daughter in some other way. The death of the mother took away the only person who could defeat the daughter's claims upon the land. The daughter took no estate in the land but a personal interest or bequest which constituted a lien or charge thereon. (*Thurber* v. *Chambers*, 66 N. Y. 42; *Borst* v. *Crommie*, 19 Hun, 209; *Kelsey* v. *Western*, 2 N. Y. 500, 508; *Kingman* v. *Kingman*, 121 Mass. 249.)

The amount and value of the testator's estate were proved, as has been mentioned, and it is manifest that if the farm were sold and the entire proceeds devoted to the purpose of providing a home and support for the daughter, they would be entirely inadequate; whereas, the farm itself now provides a home, and with the personal exer-

tions of the daughter it can be made to provide sufficient for her support.

A sale of the farm which carries with it and cuts off the claim of the testator's daughter Carrie to support and maintenance, will entirely defeat the scheme and intention of the testator, and the plaintiff's demand for relief to that extent should be denied.

The plaintiff argues further that the property may be sold free from the claim of the defendant Carrie A. Sheldon, upon the ground that the directions in the will for her support and maintenance are void as being repugnant to the prior devise of the farm in fee to the testator's wife. And also that the bequest in favor of the daughter lapsed with the lapse of the devise to the wife. That argument again runs counter to the manifest intention of the testator. As has been already said, the testator was desirous not only of properly caring for his wife, but of providing a home and means of support for his daughter as well, and his will should receive the most favorable construction to accomplish the purpose intended. There is nothing repugnant between the provisions of the will giving the testator's property to his wife, and charging the property in her hands with the maintenance of the daughter. Full effect can be given to every part of the instrument, and that the law requires in every case. (*Matter of Title G. & T. Co.,* 195 N. Y. 339; *Scott* v. *Stebbins,* 91 N. Y. 605, 615; *Sherrer* v. *Bartlett,* 45 App. Div. 135.) The bequest to the daughter of a lien on the farm was not so dependent on the devise to the wife as to lapse with the lapse of the devise. It was independent, and was binding on the farm in whosesoever hands the land might come. (*Thurber* v. *Chambers,* 66 N. Y. 42, 48; *Birdsall* v. *Hewlett,* 1 Paige, 32.)

The complaint of the plaintiff, however, should not have been dismissed altogether, but judgment should have been given for a sale of the farm subject to the personal lien and claim of the defendant Carrie A. Shel-

don for her maintenance and a home thereon with the right to possession of the farm for the purposes of her lien and claim.   The plaintiff and her sister, the defendant Carrie, and her brother Herbert C. Sheldon, were the owners as tenants in common of the farm, and their interests as such tenants in common were subject to partition or to a sale and division of the proceeds if actual partition could not be made. (*Borst* v. *Crommie, supra;* Code C. P. § 1539.)

I recommend that the judgment appealed from be reversed and a new trial granted, with costs to abide the final award of costs.

WILLARD BARTLETT, Ch. J. (dissenting).  In *Kingman* v. *Kingman* (121 Mass. 249) the testator gave to his daughter "the use and improvement of so much of my house as she may need during her life, and also a privilege at the fire, which I have made for my wife, while they live together." The Supreme Judicial Court of Massachusetts held that the daughter took an interest in the nature of an easement or servitude under this provision of her father's will.   I think that Carrie Sheldon took a similar easement or servitude under the will in the present case.   As our brother CUDDEBACK has correctly said, equity will not award partition in violation of a condition or restriction imposed upon the estate by one through whom a party claims.   I think such a condition is imposed by the second paragraph of the will.   Carrie was to have a home and part in the house on the farm that her father owned at his decease.   The facts proved upon the trial show that she can obtain adequate support by remaining on the farm and living in the house; but that if the property is sold the income from the proceeds will not suffice to support her.   Under these circumstances in order to carry out the intention of the testator and give the daughter the support which he clearly contemplated, it is essential that the farm should remain in

her possession and that she should live there. Such possession on her part and residence there are inconsistent with the idea of any partition and sale of the premises during her lifetime unless such sale is made with her consent. If she has the right, as I think she has, to remain there and receive all the rents and profits to her own use as long as she lives, it is unreasonable to suppose that any bidder at a partition sale would give anything for the property except what it might be worth after the termination of the easement or servitude in her favor. This value would be so difficult to ascertain that it seems to me preferable to hold that the nature of the charge upon the estate precludes a partition during her lifetime without the daughter's consent. If this view is correct the judgment should be affirmed instead of being reversed.

Hiscock, Collin, Hogan, Cardozo and Seabury, JJ., concur with Cuddeback, J.; Willard Bartlett, Ch. J., reads dissenting memorandum.

Judgment reversed, etc.