THE TRUSTEES OF THE SUSTENTATION FUND OF THE REFORMED EPISCOPAL CHURCH, Appellant, *v.* HOOSAC SCHOOL, Respondent.

Third Department, July 8, 1920.

Trusts — trust created prior to enactment of chapter 701 of Laws of 1893 — trustee not having power to hold property in trust — devise in trust for congregation worshipping in church — purposes of trust indefinite — failure of cestui que trust — ejectment — possession by defendant for thirty-five years — limitation of actions.

In an action of ejectment it appeared that the defendant's predecessor in title had maintained the property in question as a free Congregational church for the neighborhood in which he lived, and that by his will he intended to convey the property in trust for the purpose of keeping it perpetually as a place of worship for the people in the vicinity, as an independent Congregational church. It was provided in the will that if a corporation should be formed within three years after testator's death the property was to go to said corporation when formed, in trust, for the purposes stated, and that until title to the property should pass under the will it was given to his executors in trust to carry out the intent of that item of the will, and it was provided further that in case said corporation should not be formed within the time limited, the property was to go to the Reformed Episcopal church, an unincorporated body. The plaintiff contended that it was the intent of the testator to devise the property to it, not in trust, but as absolute owner.

*Held*, that it was the intention of the testator that the property in question should be held in trust for the congregation worshipping in the church and which might worship there; that the plaintiff corporation had no power to accept a trust for such a purpose, and that there was, therefore, no trustee capable of holding.

The use for which the testator designed the property was so indefinite that, as the law stood at the time of his death, there was no *cestui que trust* capable of enforcing the provisions of the will.

As the testator died before the enactment of chapter 701 of the Laws of 1893, the executors were incapable of taking the property in trust for the period of three years stated in the will.

The defendant and its predecessors in title having been in the undisturbed possession of the property since the testator's death, and the use of it having been public and notorious and against the terms and spirit of the will for thirty-five years, the Statute of Limitations would bar the plaintiff from asserting any other right or interest in the property.

APPEAL by the plaintiff, The Trustees of the Sustentation Fund of the Reformed Episcopal Church, from a judgment

of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 21st day of January, 1919, upon the decision of the court, a jury having been waived.

*James L. Goodwin* [*Herbert A. Trebing* of counsel], for the appellant.

*George B. Wellington,* for the respondent.

JOHN M. KELLOGG, P. J.:

The action is in ejectment, and we are interested only in the strength of the plaintiff's title, as the defendant's title is quite immaterial if the plaintiff is not entitled to the property.

George M. Tibbits died July 19, 1878, and the plaintiff claims title under his will. Upon a part of his home farm, in the town of Hoosac, he and his wife erected the Hoosac Chapel. The chapel premises consisted of twenty-four and seven-tenths acres. Apparently he and his wife had maintained this chapel at their own expense, as a free Congregational church for the neighborhood, and by his will he clearly intended that the premises should be devoted to the uses of a free chapel and for erecting and maintaining, when practicable, a parsonage, sexton house, church home and library in connection therewith, with power to rent parts of said land for dwelling-house lots and to apply the rents thereof to the maintenance of said chapel and the religious and benevolent uses connected therewith. He was insistent, however, that if any book of prayer was used in religious services in the chapel, it should be the one approved and used by the Reformed Episcopal church and that if the religious society using the chapel should cease to be independent and Congregational, and associate with any ecclesiastical body, such association should only be with the Reformed Episcopal church. These purposes are clearly defined in the 7th item of his will. He sought to carry out such intention by providing: (1) That if a corporation, under the laws of the State of New York, should be formed within three years after his death, to found and continue a free church in Hoosac, and become a corporation capable of holding lands, he gave and devised the said Hoosac

chapel property to said corporation when formed, in trust, for the purposes above mentioned. (2) Until title to the chapel property should vest under the will, the property was given to his executors, in trust, to carry out the intent of that item of the will " and meanwhile to permit said chapel and land to be used as the same shall be used at the time of my decease."

(3) He provided " and in case of the violation of either such condition [that is, in case another kind of prayer book should be used, or in case the society should cease to be 'independent and Congregational and associate itself with any other ecclesiastical body] or in case such corporation above contemplated shall not be formed within the time above limited therefor, I give and devise said chapel and land about the same to the Reformed Episcopal Church (of the United States) in trust for the same uses above specified."

Upon the death of the testator, his sons John B. Tibbits and C. E. Dudley Tibbits, as devisees under the 3d item of the will, went into possession of the chapel property, assuming to be the owners thereof. John B. Tibbits died in 1898 and Legrand C. Tibbits and Edward D. Tibbits were his only heirs at law, and they entered into possession of said property, claiming to be the joint owners with their uncle, and in 1903 said C. E. Dudley Tibbits, Legrand C. Tibbits and wife conveyed the said property to Edward Dudley Tibbits and he thereupon conveyed it to the defendant, a corporation formed under the laws of the State of New York, which since has been in possession of said property claiming to be the owner thereof. The Rev. John B. Tibbits, a son of the testator, with the consent of his brother, had the control of the chapel property and maintained it for church purposes, and about 1889 established a day school upon a lot adjoining it, which was used in connection with the chapel property. Since 1892 the school has been used as a boarding school for boys. A sexton's house has been built and the Erkskin cottage, built for a former master of the school, and many other improvements were made upon the chapel property, and he, his father or the defendant, from the time of the testator's death, have personally borne the expense of the up-keep, care, improvement, management and taxes of the chapel property. After his death, his

grandson, Rev. Edward D. Tibbits, substantially took his place with reference to the chapel property and school. He incorporated the school and conveyed the chapel property to it. He is the principal and the headmaster of the school and the rector of the church, and the church and the school are substantially used as one property. The services of the church, since the testator's death, have been those of the Protestant Episcopal church. The ritual of the Reformed Episcopal church has never been used. Any part of the chapel premises not used as a part of the chapel is used in connection with the home farm belonging to the said son and grandsons of the testator.

John B. Tibbits, C. E. Dudley Tibbits, William B. Tibbits and Derick Lane were the executors of the said will. By the 3d clause of said will the testator devised to his sons John B. Tibbits and C. E. Dudley Tibbits all of his real estate in the towns of Hoosac and Schaghticoke. The chapel property and home farm are in the former town. By the 5th item all of the remainder of his property he gave to his four children "(except the Hoosac Chapel property hereinafter disposed of)." Apparently John B. Tibbits, C. E. Dudley Tibbits, Legrand Tibbits and Edward D. Tibbits considered that the provisions of the 7th item of the will with reference to the Hoosac chapel property were invalid and that said property passed under the 3d item of the will, and they have used and conveyed it as their own.

It is conceded upon both sides that the provision as to the formation of the corporation, and the gift to the corporation when formed within three years, are invalid. The Reformed Episcopal church of America is a voluntary association or organization and is not incorporated and is, therefore, incapable of taking this chapel property under the will. The plaintiff, however, claims that it is the devisee mentioned in the will under the name of the Reformed Episcopal church of the United States.

Plaintiff was incorporated by chapter 83 of the Laws of 1875, and George M. Tibbits was one of the trustees named in the act of incorporation and continued a trustee to the date of his death. Sections 2 and 3 of the act of incorporation provide:

" § 2. The objects of this society shall be the maintenance of religious worship according to the forms of the Reformed Episcopal Church, and the furtherance of the missionary work of the said church.

" § 3. The said corporation may purchase, take by gift, devise or bequest, hold and convey real and personal estate for its use and benefit, the annual income of which shall not exceed fifty thousand dollars."

Plaintiff's contention is that the testator must have known that the Reformed Episcopal church was unincorporated and incapable of taking by devise and knew the powers of the plaintiff corporation, and must have intended the devise for it, and it claims the property, not as a trustee, but as absolute owner. A reading of the will compels the conclusion that the testator intended to keep this property perpetually as a place of worship for the people in its vicinity, as an independent Congregational church. The Reformed Episcopal church could not at any time, or in any event, hold it for its general church purposes or uses. The Hoosac chapel could not even become a Reformed Episcopal church except at the volition of the society worshipping there. When it ceased to be independent and Congregational, and wanted to associate with an ecclesiastical body, then and only then could the Reformed Episcopal church, as a religious corporation, have any interest in it, and that interest then was not for the benefit of the church at large, but was in trust to maintain the Hoosac church and carry out, for all time, the intention of the testator with reference to it. The plaintiff corporation and the Reformed Episcopal church, if incorporated, had no power to accept a trust for such a purpose. We, therefore, see that there was no trustee capable of holding, and the use for which the testator designed the property was so indefinite that, as the law stood at the time of his death, there was no *cestui que trust* capable of enforcing the provisions of the will. The testator, as a trustee of the plaintiff society, undoubtedly knew its powers, and we may fairly assume that he understood that the plaintiff could not execute the trust which he had in view. He may not have known that the church was not incorporated, or may not have understood that it was incapable of acting as trustee. The will makes it plain that whoever took this

property was not taking it as owner, but was taking it in trust for the Hoosac congregation worshipping and which might worship there. We find nothing in the will showing an intent to make the plaintiff a devisee in any sense.

The same reasoning by which the corporation proposed to be formed under the will could not take would render the executors incapable of taking the property in trust for a period of three years. Remembering that the testator died before the enactment of chapter 701 of the Laws of 1893, we must conclude that the trust contemplated by the will was invalid. (*Tilden* v. *Green*, 130 N. Y. 29; *Murray* v. *Miller*, 178 id. 316; *Trustees of Sailors' Snug Harbor* v. *Carmody*, 211 id. 286, 297, 298.)

The defendant and its predecessors in title have been undisturbed in possession of this property since the testator's death, although its use was public and notorious and was against the terms and spirit of the will, until about the time this action was brought, November 30, 1915, when the plaintiff, which for the preceding thirty-five years had not been a very active trustee, sought to claim the property as its own. The fact that it did not know its rights, if it had any, is not the fault of the defendant or its predecessors. If in other respects the plaintiff had an interest in the property, the Statute of Limitations would preclude its assertion. The attempted gift to the corporation to be formed, and to the executors until it was formed, or for three years, may be treated as of no force, and the title to the property must have found a resting place at the time of the death of the testator. All the provisions of item 7, nevertheless, are to be read for the purpose of showing what the intention of the testator was. (*Cruikshank* v. *Home for Friendless*, 113 N. Y. 337.) And the general tenor of that item is an attempt to create a trust which the trustee is incapable of taking and for a purpose not authorized by law at the time of testator's death. The plaintiff has no title or interest in the property which enables it to maintain this action. The judgment should, therefore, be affirmed, with costs.

All concur, COCHRANE, J., in the result.

Judgment affirmed, with costs.