NORTHERN TERMINAL CORPORATION OF NEW YORK, Plaintiff, *v.* JAMES N. BUTTERLY and Wife and Others, Defendants.

Supreme Court, New York County, April 7, 1930.

*Moses, Nehrbas & Tyler* [*Charles J. Nehrbas* and *Herbert R. Kaus* of counsel], for the plaintiff.

*Dowling & Cass* [*Alvin C. Cass* and *C. S. Kellogg* of counsel], for the defendants Butterly.

*I. T. Flatto,* for the defendant Dyckman Market Terminal Corporation.

*Bandler & Roulstone,* for the defendants Roulstone and Marshall.

WALSH, J   This action is brought by the plaintiff, the Northern Terminal Corporation of New York, to determine a claim to certain real property.

The disposition of the action involves the construction of a deed made by James N. Butterly, Annie J. Butterly, his wife, Bartholomew A. Greene and Elizabeth G. Greene, his wife, to plaintiff, dated May 29, 1918 and recorded June 7, 1918, in liber of Conveyances 3050, page 332, and purporting to convey to the grantee therein named certain real property in the county of New York, easterly and southeasterly of Nagle avenue, and northerly and northeasterly of Academy street, and southwesterly and south of Academy street and adjacent to Sherman creek.   This deed is the basis of plaintiff's

claim to ownership and possession of the land in controversy in this action. The action is instituted under article 15 of the Real Property Law (added by Laws of 1920, chap. 930, as amd.).

I find that such deed was a full warranty deed, and conveyed in fee the property as therein mentioned. The intention of the parties, as shown by documentary evidence, plaintiff's Exhibits 1, 2 and 3, was that such should be the effect of the conveyance. There is no merit in the contesting defendants' claim that such deed conveyed only the right, title and interest of the grantors in the therein described pieces and parcels of property. Nor do I find any justification for the other contention of the defendants so far as they relate to the parcel known as the little gore.

I further find that the description in the deed of 1918 is controlling as to the specific parcels transferred thereunder. It is explicit, and the courses and distances are easily ascertained, being depicted on the map referred to in such deed. In other words, the only property south of Academy street conveyed by the deed was the parcel known as the little gore. The remaining property south of Academy street, alleged in the complaint as that of the plaintiff, is not proven by the evidence to be such.

The plaintiff has not done anything or committed any act tending to establish any estoppel to its claim of title to the parcel known as the little gore. The record shows (stenographer's minutes, page 82) that the plaintiff did not know that the title to the parcel known as the little gore was not at the date of the deed of 1918 and had not been prior thereto in Butterly. At what time it was discovered that such was the fact is not evident. It may have been in 1921 when the plaintiff gave the deed to Ward and Davis. The description in such latter deed excludes that of the parcel known as the little gore. At the time of the deed of 1918 the grantors did not own the parcel known as the little gore nor in fact the rest of the property southwesterly of Academy street and involved in this action.

The little gore was deeded to James N. Butterly in January, 1920, and lot No. 245, easterly or southeasterly of Nagle avenue, and southwesterly of Academy street, in May, 1920. Butterly transferred the properties conveyed to him by the last two deeds above mentioned to his wife in July, 1920. These three deeds were not recorded until May 14, 1924. Butterly's wife conveyed the same properties to the Dyckman Market Terminal Corporation in January, 1924, the deed being recorded May 23, 1924. It is evident that the plaintiff did not know about the acquisition by Butterly of the parcel known as the little gore until the recording of these deeds in 1924.

The judgment dated May 12, 1923, in the ejectment action brought by the city of New York, so far as it affected the then defendants and the Carnival Palace Corporation and the Dyckman Market Terminal Corporation, was vacated and set aside by the Appellate Division, and the last two corporations above mentioned made parties defendants thereto, and such action then proceeded against such corporations; the original defendants in the action being practically dropped from the suit.

No practical construction of the deed of 1918 as to what was intended to be conveyed by it can be established from the fact that the deed of 1921 did not convey the little gore. It is not contended by plaintiff, nor claimed by defendants, that the grantors in the deed of 1918 had title to the parcel known as the little gore at the time of the making of the 1918 deed.

The plaintiff, relying on the representations of the grantors that they were the owners in fee, took the property under the deed of 1918 without actual knowledge of any other prior conveyances of such parcels, and is not affected by constructive notice by reason of any prior deed of the little gore in 1918 to Seybel. (*Callanan* v. *Keenan*, 224 N. Y. 503, 508; *Huyck* v. *Andrews*, 113 id. 81.) The evidence discloses that none of the officers or stockholders of the plaintiff knew about the pendency of the suit by the city of New York against this plaintiff and Butterly until after the entry of the judgment on May 12, 1923, after the trial before Mr. Justice WASSERVOGEL. Butterly alone engineered the defense in such action, and retained the counsel for the plaintiff, the then defendant. Any act of Butterly prior to 1923 would not affect or act as an estoppel as to plaintiff.

The plaintiff's theory and contention are that, such deed being a conveyance in fee of the property as therein described, with full warranty, the title to the parcel known as the little gore, though not owned by the grantors at the time of the making of this deed, passed to the plaintiff immediately upon the grantors or either of them thereafter acquiring title thereto, and that they and each of them and their assigns are estopped from claiming title thereto. I so find the law to be. (*Oliphant* v. *Burns*, 146 N. Y. 218, 232, 233; *House* v. *McCormick*, 57 id. 310; *Tucker* v. *Tucker*, 122 App. Div. 308; *Jacobs* v. *Fowler*, 135 id. 713; *Collins* v. *Buffalo, L. & R. R. Co.*, 145 id. 148; *Moenig* v. *New York Central R. R. Co.*, 187 id. 323; affd., 231 N. Y. 596; *Thompson* v. *Simpson*, 128 id. 270; *Schick* v. *Wolf*, 207 App. Div. 652; *People* v. *Hazen*, 132 Misc. 639.)

Butterly knew more about the state of affairs then existing than plaintiff or had equal means of knowing the same as plaintiff. Under such circumstances no one was misled, except the plaintiff,

and there can be no estoppel. (*Troy Union R. R. Co.* v. *City of Troy*, 132 Misc. 534, 546.) It little behooves Butterly under the evidence in this case to claim fraud or estoppel by plaintiff.

Butterly and Greene joined in the deed of 1918. Mr. Butterly and Mr. Greene had joined twice in the documentary representation that they were the owners of the property to be transferred. Butterly knew his obligations and liabilities under the deed of 1918. (*White* v. *Patten*, 41 Mass. [24 Pick.] 324.) So did his wife. In the last deed in the chain of title before me, the deed from Butterly to the Dyckman Market Terminal Corporation, it was expressly stated that it was " subject and excluding therefrom such portion of property if any as may be owned by the Northern Terminal Corporation, a domestic company." This latter deed was canceled of record and annulled by order of the Supreme Court (*City of New York* v. *Dyckman Market Terminal Corporation*, 130 Misc. 103), filed and recorded July 16, 1928. It may be noted that the judgment in the action by the city of New York as continued and tried against the Dyckman Market Terminal Corporation was entered in favor of these defendants July 18, 1927.

The judgment before Mr. Justice GIBBS (130 Misc. 103) in the ejectment suit was not *res adjudicata* as to this plaintiff. That action was determined in favor of defendants by reason of failure of title in the plaintiff the city of New York to the property there in litigation. (*People* v. *Inman*, 197 N. Y. 200, 205; *Stewart* v. *Russell*, 91 App. Div. 310; affd., 184 N. Y. 601; *Trustees of Sustentation Fund* v. *Hoosac School*, 192 App. Div. 742; *White* v. *Hill*, 100 id. 207; *Deering* v. *Reilly*, 167 N. Y. 184, 190.) Nothing was determined by such judgment as to the title as between the defendant the Dyckman Market Terminal Corporation and this plaintiff. So far as any determination might arise, it was, of course, subject to any title in plaintiff as to any portion of the property southwesterly of Academy street, and any title in the Dyckman Market Terminal Corporation was so invested. The defendants Bandler and Roulstone did not take any part in the trial.

Judgment is granted against all of the defendants so far as the action affects the parcel known as the little gore, with costs against the defendants James N. Butterly and Annie J. Butterly only. Submit proposed decision and judgment on notice.