MRS. DICIE EDWARDS (PARKER) ANDERSON AND HUSBAND, TOM M.
ANDERSON (BY A. J. PARKER, JR., SUBSTITUTED PETITIONER), v.
RACHEL EDWARDS, UNMARRIED; MRS. WILLIE EDWARDS, A WIDOW;
M. P. EDWARDS, JR., AND WIFE, CLAUDIA EDWARDS.

(Filed 24 February, 1954.)

**Wills § 35: Partition § 1a—**

The will devised farm lands to testator's three children with provision
that his widow take a dower right therein. By further provision testator
stipulated that it was his will that the farms be operated jointly by the
beneficiaries for a period of ten years after his death. *Held:* Testator's
intent will be given effect, and none of the beneficiaries is entitled to par-
tition of the lands during the ten-year period, the limitation not being an
unlawful restraint on alienation nor limitation repugnant to the fee.

BARNHILL, C. J., took no part in the consideration or decision of this case.
ERVIN, J., dissents.

APPEAL by defendants Rachel Edwards and M. P. Edwards, Jr., and
wife Claudia Edwards from *Bone, J.,* at November Term, 1953, of
EDGECOMBE.

Special proceeding for actual partition of certain lands in Edgecombe
County, North Carolina, among tenants in common, devisees under will
of M. P. Edwards, deceased.

These facts appear to be uncontroverted:

(1) M. P. Edwards, late of the county of Edgecombe, died on 18 De-
cember, 1950, seized and possessed of the lands, the subject of this pro-
ceeding, leaving a last will and testament which has been duly probated
and recorded, the pertinent portions of which are these:

"Item One. I give, devise and bequeath all my property both real and
personal of whatever kind or character and wheresoever situated to my
wife Willie J. Edwards and my three children, Rachel Edwards, Dicie
Edwards Parker and M. P. Edwards, Jr., in the manner provided by, and
in accordance with the laws of the State of North Carolina; that is to
say that my wife shall take a child's part of my personal property and
shall dower in my real estate and that my children shall share and share
alike in both my real and personal property, this devise and bequest being
made subject to and in accordance with the stipulations and conditions
as set out in the further items of this my last will and testament.

"Item Two: It is my will that out of the monies that my Estate may
have at my death shall first be paid my funeral expenses and then all of
my other debts save and except the liens on my Real Estate which are
held by various Land Banks under what is known as the Amortization
Plan and in connection with said liens, if there remains sufficient monies
in the hands of my Executors, hereinafter named, belonging to my Estate

after the payment of the debts hereinbefore mentioned, to retire and pay off any or all of said liens, it is my will that said monies be used to that end, otherwise my said children, devisees hereunder shall assume the payment of said liens before and without the sale of any of the personal property which constitutes the equipment used in the operation and cultivation of my farms.

"Item Three: In connection with and as a condition to the devise and bequest as set out in Item One of this Will, it is my desire and will that my wife and children shall jointly operate, for mutual profit, as executors and devisees, all of the farms of which I die seized and possessed of for a period of ten years from and after my death, and for said period my said wife and children shall keep my said farms and equipment thereon intact and undivided.

"Item Four:   I hereby nominate, constitute and appoint Willie J. Edwards, Rachel Edwards, Dicie Edwards Parker and M. P. Edwards, Jr., co-executors, without bond, of this my last will and testament."

(2) Mrs. Dicie Edwards (Parker) Anderson, one of the daughters of M. P. Edwards, deceased, and her husband instituted this special proceeding and filed petition on 10 May, 1952, against Mrs. Willie Edwards, the widow, and Rachel Edwards, unmarried daughter, and M. P. Edwards, Jr., a son of M. P. Edwards, together with Claudia Edwards, the wife of M. P. Edwards, Jr., for an actual partition of the lands of which M. P. Edwards died seized,—alleging in substance that the widow owned a dower right in said lands and that she, the petitioner, and the defendants, her sister and brother, each owned an undivided one-third interest in said lands, subject to the dower right of their mother—and praying that the dower be assigned as provided by law, and that actual partition of the lands among the tenants in common in the proportions of their several interests therein be ordered as by law provided.

(3) The defendant, Rachel Edwards, answered, and the defendants M. P. Edwards and his wife, by permission of the court, came in and adopted her answer. In this answer the defendants admit the tenancy in common, subject to the dower, but they aver that the parties hold the land subject to the express terms and conditions of the will of the late M. P. Edwards, and, for a further answer and defense to the petition, they plead that by the terms of the will "he left the property described in the petition on the condition that his wife and children should jointly operate, for mutual profit, as executors and devisees, all of the farms of which he died seized and possessed for a period of ten years from and after his death, and that for said period his said wife and children should keep his said farms and equipment thereon intact and undivided; and that because of said condition the petitioners are not at the present time entitled to partition, in law or in fact."

(4) Pending hearing the petition, Mrs. Dicie Edwards (Parker) Anderson died leaving as her only child A. J. Parker, Jr., who, having succeeded to all of the rights of the petitioner, was, by order of the court, substituted as petitioner in the place and stead of his mother, and allowed to adopt the petition.

(5) When the cause came on for hearing before the judge presiding, and being heard upon the petition and answer filed, and the last will and testament of M. P. Edwards, the court being of opinion that A. J. Parker, Jr., substituted petitioner, as a tenant in common therein, is entitled to a partition of the lands described in the petition, so ordered, and for that purpose, in the manner provided by law, remands the proceeding to the Clerk of Superior Court.

The defendants Rachel Edwards and M. P. Edwards, Jr., and his wife Claudia object and except, and appeal to the Supreme Court, and assign error.

*Leggett & Taylor for petitioner, appellee.*
*Weeks & Muse for defendants, appellants.*

WINBORNE, J. This is the determinative question: The testator having in Item One of his will devised and bequeathed his real and personal property to his wife and children "subject to and in accordance with the stipulations and conditions as set out in the further items of this my last will and testament," is the provision of Item Three postponing partition for ten years void as a restraint on alienation, and against public policy? Manifestly the trial court was of opinion that it is. However, this Court is constrained to hold that the provision is valid.

The annotators of decided cases in this and in other jurisdictions state that: "It seems to be well settled that a provision in a will which prohibits and postpones a partition of the estate is valid, and that, since a will is to be executed in accordance with the intent of the testator, no partition will be granted where the will expressly or by necessary implication directs that the property shall be kept intact." Anno. 14 A.L.R. 1238. Citations follow from eighteen States, England and Canada, including the case of *Blake v. Blake*, 118 N.C. 575, 24 S.E. 424.

And in later annotation reported in 85 A.L.R. 1321, the author, after digesting cases from Illinois, Iowa, Kentucky, Nebraska and New York, and our own case of *Greene v. Stadiem*, 198 N.C. 445, 152 S.E. 398, in respect to the general rule that "testamentary provisions prohibiting or postponing partition for a reasonable time or until the happening of a designated event are upheld as not involving a restraint on alienation or limitation repugnant to the fee," comes to say: "Therefore the general rule is that effect will be given to the intention of the testator as expressed

in the will, and that no partition suit will lie before the date so fixed or the happening of the event named."

In the light of this general rule applied to case in hand, it seems clear that the testator having amassed a large farm-land estate, which he had financed on amortization plan, was concerned about the preservation of it. And it is clear that he was of opinion that by pulling together for ten years his wife and children could liquidate the indebtedness or, at least, so reduce it as to be in position to carry on singly.

In *Holden v. Rush* (1907), 119 App. Div. 716, 104 N. Y. Supp. 175, the Court, in holding that partition could not be granted during the minority of the youngest child, said: "I find no authority which holds that a testator may not, in one and same sentence in his will, use words which apparently make an absolute devise of real estate, and restrict the devisees, his children, from disposing of the real estate until the youngest child reaches his majority. I know of no principle of law which forbids that the plain intent of the testator, as expressed in this will, should be given effect."

This case is distinguishable in factual situation from cases relied upon by appellee. They are not controlling here.

For reasons stated, the judgment below is

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.

ERVIN, J., dissents.